# SUPREME JUDICIAL COURT

### FOR THE

## COUNTY OF BRISTOL, OCTOBER TERM, 1873, AT TAUNTON.

PRESENT:

Hon. HORACE GRAY, CHIEF JUSTICE.
Hon. JOHN WELLS,
Hon. MARCUS MORTON,
Hon. WILLIAM C. ENDICOTT, } JUSTICES.
Hon. CHARLES DEVENS, JR.

## COMMONWEALTH *vs.* GARDNER D. BOSWORTH.

When an inferior court has jurisdiction of an offence upon property if the value of the property does not exceed a specified sum, a plea of a former acquittal of such offence in the inferior court is a good bar to an indictment for it in a superior court, although the value of the property is alleged in the indictment to be a sum exceeding the jurisdiction of the inferior court.

INDICTMENT for embezzlement of money of the value of six hundred dollars. The defendant pleaded as follows:

" And now comes the said Gardner D. Bosworth, and having heard the said indictment read, for plea thereto says, that the Commonwealth ought not further to prosecute the said indictment against him, because he says that heretofore, to wit, on

.the fifteenth day of May last past, before the Municipal Court of Taunton, he was lawfully acquitted of the same offence with which he is now charged in said indictment ; and this he is ready to verify. Wherefore he prays judgment, if the said Commonwealth ought further to prosecute the said indictment against him in respect of the said offence, in the said indictment mentioned, and that he, the said Gardner D. Bosworth, may be dismissed and discharged from the same."

To this·plea the district attorney demurred, and *Pitman*, J., sustained the demurrer. The defendant then pleaded not guilty. Upon the trial the jury returned a verdict of guilty, and the defendant alleged exceptions.

*S. R. Townsend*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The defendant's plea in bar of a former acquittal before the Municipal Court of Taunton, of the same offence for which he now stands indicted in the Superior Court, is in the form prescribed by St. 1864, *c.* 250, § 4, and is therefore sufficient in form, without more fully setting out the record of that acquittal, or the facts relied on to prove the identity of the former offence with that now charged against him. It would have been open to him, under this plea, to prove that the money which he is charged with having embezzled, although now alleged to have been of the value of six hundred dollars, was in fact of any less value, and that the two offences successively charged against him were identical. *Commonwealth* v. *Sawtelle*, 11 Cush. 142, 145. *Commonwealth* v. *Hussey*, 111 Mass. 432. If its value did not actually exceed fifty dollars, the offence was clearly within the jurisdiction of the Municipal Court. Gen. Sts. *c.* 116, §§ 13, 14. St. 1864, *c.* 209, § 21.· The plea not necessarily showing that the two offences were distinct, nor that the Municipal Court had no jurisdiction, the attorney of the Commonwealth, if he intended to deny their identity, should have joined issue on the plea, and submitted that fact to the determination of a jury. By demurring to the plea, he admitted the truth of the allegation therein that the offence now charged against the defendant was the same of which he had been already acquitted. 2 Hale P. C. 243. 1

Stark. Crim. Pl. (2d ed.) 325, 326. *The King* v. *Emden*, 9 East, 437. *Commonwealth* v. *Curtis*, 11 Pick. 134. The judgment of the Superior Court, sustaining the demurrer to the plea of *autrefois acquit*, was therefore erroneous and must be reversed, and

*Judgment rendered thereon for the defendant.*