## DISCHARGE IN THE MUNICIPAL COURT FOR AN OFFENSE HIGHER THAN ITS JURISDICTION.

### Common Pleas Court of Hamilton County.

### STATE OF OHIO v. WILLIAM H. STIVER.

#### Decided, June 9, 1915.

*Criminal Law—Discharge in Municipal Court Under a Felony Charge—Not a Bar to Subsequent Prosecution.*

A person arrested upon a warrant charging him with embezzling $77, a felony for which he was discharged in the municipal court, can not set up this discharge as a plea in bar to an indictment in the common pleas court charging him with embezzlement of the same $77, for the reason that the municipal court did not have jurisdiction of the felony charge, its powers being limited to that of an examining magistrate.

*Walter M. Locke*, Assistant Prosecuting Attorney, for the state.

*Thornton R. Snyder*, contra.

MAY, J.

The defendant was indicted at the January term, 1915, of this court for embezzling $77 belonging to the Lyric Piano Company. To this indictment the defendant has filed a plea in bar

setting up that he was arrested "on the 22d day of October in the year 1914, upon an affidavit and warrant duly filed in the municipal court of the city of Cincinnati, in Hamilton county, Ohio, which court had complete and final jurisdiction to hear and determine the fact of the guilt or innocence of the defendant herein, the said William H. Stiver, and to render judgment and to impose a penalty, and a charge placed against him, the said William H. Stiver."

The plea then sets out the affidavit which charges the defendant with having embezzled $77. To that plea in bar are attached copies of the original affidavit, as well as the warrant, and there is also filed therewith a certified copy of all the proceedings had in the municipal court. The transcript of the municipal court shows that the defendant was brought into the court on October 23, 1914. Bond was given and the case continued to November 6, 1914. Between November 6, 1914, and January 22, 1915, there were four continuances, and on January 22, 1915, the transcript shows the following proceedings were had in the municipal court:

"Friday, January 22nd, 1915. Court met pursuant to adjournment Friday, January 22d, 1915, at 9 o'clock A. M., Hon. W. Meredith Yeatman, presiding.

"No. 10589. State of Ohio vs William H. Stevers. Charge.

"This day said cause coming on for hearing upon the affidavits and warrants filed herein, defendant being in court and arraigned, pleaded not guilty and court hearing the testimony, order said defendant to be dismissed for good cause shown."

To this plea in bar setting up a former acquittal the state has filed a demurrer "for the reason that said plea in bar does not state facts sufficient in law to constitute a defense to the indictment in said cause, nor does it state facts sufficient in law to bar further prosecution of said cause under said indictment." The demurrer was argued orally and upon brief, and after due consideration, I am of the opinion that the demurrer is well taken and should be sustained.

Counsel for the defendant rely upon a decision of Judge Hollister in 1902, when he was judge of the common pleas court of

this county, in the case of *State of Ohio* v. *Skinner*, 13 Ohio Decisions, page 468.

There is no doubt whatsoever, but that if the Skinner case is good law it is authority for the proposition contended for by the defendant. The syllabus in that decision reads as follows:

"A plea in bar to an indictment for larceny of property of the value of $45, alleging that previously the defendant had been dismissed in the police court, after testimony had been heard, on a charge of larceny preferred against him in an affidavit filed in that court, 'and that the larceny charge in the affidavit upon which he was tried is the same larceny and offense as is charged in the * * * indictment against him,' admitted by the state's demurrer to be true, presents a complete defense to the charge made in the indictment."

With all deference to the opinion of the learned judge, now United States District Judge for the Southern District of Ohio, I can not agree with the reasons given by him. Judge Hollister seems to be of the opinion that because the police court had jurisdiction of a misdemeanor, and that because in the indictment for larceny a misdemeanor is necessarily charged, that the dismissal of the defendant in the municipal court of the whole charge, the court having jurisdiction in larceny matters up to the sum of $35, that the finding of the police court judge was to the effect that he was not guilty of even a misdemeanor, and therefore he had been placed in jeopardy.

All the Ohio cases cited by Judge Hollister are to the effect that where a person has been indicted and put upon trial, a jury being impanneled and sworn, and a verdict rendered finding the defendant guilty of a lesser crime than the one charged, or the jury being discharged before verdict, that the defendant has once been in jeopardy.

The leading case is that of *Mitchell* v. *State*, 42 Ohio St., page 383, and there is no doubt of that proposition, the reason being that the court before whom the defendant was put upon trial had jurisdiction of the offense, and as in the Mitchell case, the jury could have found the defendant guilty of a lesser offense, it was error to discharge the jury and re-indict the defendant. But, in the case at bar, the defendant never was in

jeopardy for the reason that the municipal court, before whom the defendant was brought in pursuance of the warrant issued upon the filing of the affidavit charging him with embezzling the sum of $77, had no jurisdiction to try him for that offense, which under the laws of this state is a felony.

It is an elementary proposition that legal jeopardy does not arise when the court before which it is claimed the defendant had been in jeopardy, has no jurisdiction of the offense. *1 Wharton on Criminal Law*, Section 396, at page 530, and cases cited.

The powers of the municipal court in criminal matters are the same as those of a justice of the peace. Under Section 13511, General Code, it is provided that when the accused is brought before the magistrate and there is no plea of guilty, the magistrate shall inquire into the complaint in the presence of the accused, and if it appear that an offense has been committed and there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance for his appearance at the proper time and before the proper court; otherwise, he shall discharge the prisoner from custody. It is further provided by this section that if the offense charged is a misdemeanor and the accused, in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment.

There is, therefore, no authority in the municipal court to render final judgment in a felony case and the discharge of the prisoner by the judge presiding in the municipal court acting as an examining magistrate, has not placed the defendant in jeopardy for the reason that the jurisdiction of the judge of the municipal court is limited to the ascertaining of the fact of whether or not there is probable cause to believe the accused guilty. In this case an examination of the plea in bar fails to disclose any waiver of a jury on the part of the defendant, Stiver, or any other act on his part by which he submitted himself to the jurisdiction of the court for trial on a misdemeanor. If there had been a waiver filed or if the record of the proceed-

ings before the municipal court disclosed any fact from which it might be inferred that the defendant submitted himself to the jurisdiction of the court upon a charge for a misdemeanor the plea in bar might be good.

Counsel for the defendant, besides relying upon the decision of Judge Hollister, cited above, lay great stress upon the opinion of the Supreme Court of Massachusetts, in the case of *Commonwealth* v. *Bosworth,* 113 Mass., 200. An examination of this case shows that it is easily distinguishable from the case at bar.

The syllabus in the Massachusetts case reads as follows:

"When an inferior court has jurisdiction of an offense upon property if the value of the property does not exceed a specified sum, a plea of former acquittal of such offense in the inferior court is a good bar to an indictment for it in a superior court, although the value of the property is alleged in the indictment to be a sum exceeding the jurisdiction of the inferior court."

Gray, Chief Justice, says in his opinion:

"By demurring to the plea, he (the attorney for the commonwealth) admitted the truth of the allegation therein that the offense now charged against the defendant was the same of which he had been already acquitted."

But in that case it appears from the opinion that the municipal court had jurisdiction of the offense charged against the defendant Bosworth.

In the case at bar it clearly appears from the statutes that the Municipal Court of Cincinnati did not have jurisdiction of the charge of embezzling the sum of $77; that the only jurisdiction the court had would have been in case of a misdemeanor, and then only in the event of the prisoner submitting himself to the jurisdiction of the court by a plea of guilty of the misdemeanor charge or by the filing of a new affidavit setting forth that charge and the waiving of a jury. If this were not the law, the result would be that a discharge of the person accused of a felony by the municipal court, or by any examining magistrate who had authority to try a misdemeanor included with-

in the larger offense charged, would prevent the indicting of the accused and placing him upon trial for the felony charged before a court of competent jurisdiction. For example, one arrested for murder in the first degree can under the law of this state, be found guilty of murder in the second degree, manslaughter, assault and battery, or assault. If the examining magistrate discharged him, the examining magistrate having jurisdiction to try cases of assault and assault and battery, the proper steps being taken, the defendant, upon being indicted by a grand jury could plead former acquittal. Likewise, if the defendant were arrested for robbery and were discharged, he could set up the same defense for the reason that assault and battery, and assault are offenses included within the charge of robbery. And so, with the graver crime of rape, where assault and battery, and assault are held to be included offenses.

I can not believe that the law as announced in 13 Ohio Decisions, 468, *State* v. *Skinner*, is a correct statement of the law; and inasmuch as there is no Ohio case decided either by the Supreme Court or by any court of appeals in this state announcing the same principle, I am of the opinion that the state's demurrer is well taken and that the same should be sustained.

The defendant will be granted further time to plead to the indictment charging him with embezzlement of $77.