W. J. SANFORD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion filed March 7, 1918.

1. If the first indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained then the jeopardy which attached on the first must constitute a protection against a trial on the second.

2. A conviction of a lesser offense bars a subsequent prosecution for a greater offense in all those cases where the lesser offense is included in the greater.

3. A legal acquittal or conviction in any court of competent

jurisdiction is sufficient in law to preclude any subsequent prosecution for the same offense in any other court.

4. In cases of concurrent jurisdiction in different tribunals the one first exercising such jurisdiction acquires control to the exclusion of the other.

5. Where two courts have concurrent jurisdiction of a lower offense necessarily included in a higher an acquittal or conviction of such offense in either court will bar a prosecution for the higher offense.

6. Penal laws should be strictly construed and those in favor of the accused should receive a liberal construction.

Writ of Error to Circuit Court for Duval County, George Couper Gibbs, Judge.

Judgment reversed.

*W. A. Hallowes, Jr.,* and *Miles W. Lewis,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for the State.

JONES, Circuit Judge.—On December 15th, 1916, an indictment was filed in the Circuit Court of Duval County against the plaintiff in error charging him with rape of one A. W. L., a female child under the age of ten years. To this indictment the plaintiff in error filed a plea in bar which alleges in substance that in August 1916, in the Criminal Court of Record in and for Duval County an information was filed against him charging him with the offense of assault with intent to commit rape upon the said A. W. L., and that in October

1916, in the said Criminal Court of Record upon being arraigned upon said information he pleaded not guilty, but that thereafter during the same term of court in October 1916, by permission of court he withdrew his plea of not guilty and pleaded guilty to an assault and battery to said information which last n entioned plea was accepted .by the State. That thereafter he was adjudged by the last mentioned court to be guilty of an assault and battery and sentenced to imprisonment in the county jail at hard labor for a period of six months. That the offense charged .in the ·information and the one charged in the indictment are one and the same offense and that the offense charged in the information is a necessary element of and constitutes an essential part of the offense charged in the indictment. That the assault with intent to rape charged in the information and the assault and rape charged in the indictment are one and the same assault committed at one and the same time and that the said A. W. L., named in the information and in the indictment are one and the same person. That defendant had once been put in jeopardy upon the charge of assault with intent to rape and for the same offense as that charged. in the indictment. and that he could not lawfully be tried therefor again. A certified copy and transcript of the record of the proceedings of the Criminal Court of Record was attached and made a part of the plea.

A demurrer to the ·plea in ·bar was sustained and counsel for defendant duly excepted to the ruling of the court. The defendant was tried by a jury on his plea of not guilty, said trial resulting in a verdict of guilty of an assault with intent to commit rape.. Motion for new trial was overruled and defendant sentenced to imprisonment for two years.

The plaintiff in error seeks a reversal of the judgment of the Circuit Court on the ground that the court erred in sustaining the demurrer to the plea of former jeopardy and *autre fois convict.*

The provision of the constitution upon which plaintiff in error relies is as follows: "no person shall be subject to be twice put in jeopardy for the same offense." The sole question therefore for determination is, was the plaintiff in error, upon being required to go to trial in the Circuit Court upon the indictment deprived of the right guaranteed to an accused by the constitutional provision quoted.

The great author of Cooley's Const. Lim. (7th ed.) 470, says: "If the first indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached on the first must constitute a protection against a trial on the second." Bishop's New Crim. Law, Section 1051, Sub. 6, states the law as follows: "If the two indictments set out like offenses and relate to one transaction, yet if one contains more of the criminal charge than the other. but upon it there could be a conviction for what is embraced in the other, the offense though of different names are within the constitutional guarantee the same. * * * the test is whether, if what is set out in the second indictment had been proved under the first there could have been a conviction. When there could, the second cannot be maintained." Wharton's Criminal Law, Section 393 lays down the rule in the following concise statement: "A conviction of a lesser offense bars a subsequent prosecution for a greater offense in all those cases where the lesser offense is included in the greater." See also, Johnson v. State, 27 Fla. 245, 9

South. Rep. 208; Ex parte Vickery, 51 Fla. 141, 40 South. Rep. 77.

The offense charged in the information is a necessary element of and constitutes an essential part of the higher offense charged in the indictment. It would be unreasonable to assume that a man could be guilty of rape and not guilty of an assault with intent to rape, without the commission of the lesser offense the greater cannot be committed. An acquittal of the lesser offense precludes a conviction of the greater.

If proof was needed to demonstrate the fact that the information was such that the accused might have been convicted under it on proof of the facts by which the indictment was sought to be sustained the record is conclusive, which shows that the accused was convicted of an assault with intent to rape under the indictment. It also shows beyond controversy that the information and indictment set out like offenses and relate to one transaction and that the indictment contained more of the criminal charge than the information, but upon it, the accused could be, and in this case, was convicted of the charge embraced in the information.

It was said in the case of Johnson v. State, 27 Fla. 245, 9 South. Rep. 208, "a conviction of a lower grade of offense included in an indictment is an acquittal of the higher for which higher offense no second trial can be had," and Boswell v. State, 20 Fla. 869, it was held that "a legal acquittal or conviction in any court of competent jurisdiction is sufficient in law to preclude any subsequent prosecution for the same offense in any other court" and further that "in cases of concurrent jurisdiction in different tribunals, the one first exercising such jurisdiction acquires control to the exclusion of

the other." Plaintiff in error was charged by information in the Criminal Court of Record, a court of competent jurisdiction, with the offense of assault with intent to rape. He was convicted of assault and battery, a lower grade of offense included in the information. Such conviction had the legal effect of an acquittal of the higher offense charged in the information, for which higher offense no second trial can be had in any other court. Johnson v. State, *supra;* Boswell v. State, *supra.*

It is obvious that plaintiff in error was not only put in jeopardy twice for the same offense but was actually convicted in the Circuit Court of an assault with intent to rape after having been acquitted of that offense in the Criminal Court.

The State contends that because the Criminal Court was without jurisdiction of the greater offense charged in the indictment, that the proceedings had in the Criminal Court constitute no bar to a further prosecution under the indictment, and cites in support of this contention the case of Boswell v. State, *supra,* and decisions from other courts placing the same construction upon the law. An examinaion of the cases cited, and others not cited which are in accord with those cited, discloses that in nearly every case it appears that the first prosecution was in a Justice of the Peace Court or municipal court or other minor court whose jurisdiction was limited to misdemeanors, and even then in some jurisdictions as in Texas, the courts were controlled by statute. In the Boswell case *supra,* the defendant was prosecuted in the Justice of the Peace Court for assault and battery and subsequently indicted in Circuit Court for assault with intent to murder, the indictment being based upon the same transaction for which defendant had been prosecuted in the Justice of the Peace Court. The Circuit

Court sustained a demurrer to the plea of former jeop-, ardy and this court in affirming the judgment of the Circuit Court emphasized the fact that the Justice of the Peace Court and Circuit Court had no concurrent jurisdiction. That assault and battery was a misdemeanor of which the Justice of the Peace Court had *sole* jurisdiction and that the offense charged in the indictment was a felony of which the Circuit Court had *sole* jurisdiction. The want of concurrent jurisdiction of the two courts involved in that case is not a question in the instant case, because in the case at bar the Criminal Court had, and the Circuit Court upon an indictment for the higher offense of rape also had jurisdiction of the offense of assault with intent to commit rape charged in the information, and the Criminal Court having first exercised such jurisdiction acquired control to the exclusion of the other. The fact that the Criminal Court was without jurisdiction of the offense charged in the indictment is held not to be material in the case of People v. McDaniels, 137 Cal. 192, 69 Pac. Rep. 1006, 92 Am. St. Rep. 81, quoting from Bishop's Criminal Law, Section 1058, "It has been supposed that if the tribunal trying the less offense had no jurisdiction over the higher, the case will be different, yet there does not seem to be any just foundation for this distinction. The fact that one has been in jeopardy for a lower offense is true equally whether the court had authority to try the higher or not." See to same effect Commonwealth v. Bosworth, 113 Mass. 200, 18 Am. Rep. 467; Moore v. State, 71 Ala. 307; Storrs v. State, 129 Ala. 101, 29 South. Rep. 778; State v. Blevins, 134 Ala. 213, 32 South. Rep. 637; State v. Smith, 53 Ark 24, 13 S. W. Rep. 391; People v. Ny Sam Chung, 94 Cal. 301, 29 Pac. Rep. 642, 28 Am. St. Rep. 129; People v. McDaniels, 137

Cal. 192, 69 Pac. Rep. 1006, 92 Am. St. Rep. 81, and extended note; Whilden v. State, 25 Ga. 396, 71 Am. Dec. 181; Bell v. State, 103 Ga. 397, 30 S. E. Rep. 294, 68 Am. St. Rep. 102.

It is true that the court said in the case of Boswell v. State, *supra,* "that a conviction or acquittal in order to be a bar to another prosecution, must be for the same offense or *for an offense of a higher degree and necessarily including the offense for which the accused stands indicted."*

We however cannot agree with the italicized portion of the above quotation because the overwhelming weight of modern authority opposes this view. Cooley's Const. Lim. (7th ed.) 470; Bishop's New Crim. Law, Sec. 1051, sub. 6; Wharton's Crim. Law, Sec. 393; Beale's Cr. Pl. & Pr. Sec. 77; Clark's Cr. Proc. 401; 8 R. C. L., Sec. 131; 12 Cyc. 288 and other authorities cited.

To hold that a conviction or acquittal in order to be a bar to another prosecution must be for an offense of a higher degree necessarily including the offense for which the accused stands indicted would subject the accused to a prosecution for each of the lesser offenses included in a higher and finally a prosecution for the highest which embraced all the lower grades thereby putting the accused in jeopardy several times for one or more of the lesser offenses. It is a rule too well recognized to require citation of the authorities that penal laws should be strictly construed, and those in favor of the accused should receive a liberal construction. Applying this fundamental principle to the constitutional provision involved, the sole purpose of which is to protect the accused from more than one prosecution for the same offense the result is to prohibit the State which has the right to elect the charge to prefer against the

accused as well as the forum from first prosecuting the lower offense necessarily included in a higher and then prosecuting the higher.

We think the lower court erred in sustaining the demurrer to the plea in bar. It is therefore ordered that the judgment of the Circuit Court be and the same is hereby reversed and this cause remanded with instructions to overrule the demurrer to the plea of former jeopardy and *autre fois convict* and for further proceedings not inconsistent with this opinion.

BROWNE, C. J., AND TAYLOR, WHITFIELD, AND ELLIS, J. J., concur.

WEST, J., disqualified.