HAROLD E. PHILLIPS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed January 21, 1927.

To have sexual intercourse with an unmarried female of previous chaste character under the age of eighteen years, is a felony under the laws of this State, and when a person takes liberties with such female by indecently fondling her with the intent by such acts to then and there have sexual intercourse with her, he thereby violates the laws of this State as charged in the instant information.

A Writ of Error to the Criminal Court of Record for Polk County; H. K. Olliphant, Judge.

Affirmed.

*Bradley & Penuel,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—In this case plaintiff in error was convicted under an information charging the offense of an assault with intent to commit a felony, to-wit: to have unlawful carnal intercourse with an unmarried female person of previous chaste character under eighteen years of age.

The information has been examined and is found to sufficiently charge the offense.

There is found in the record substantial evidence that the accused, a young man twenty-two years of age, took the young girl, fourteen years of age, alleged to have been the subject of the assault, for a ride in his automobile in the night time, that he drove to a lonely spot, stopped his car, took her in his arms, fondled and kissed her, raised her skirts, put his hands on her legs and on her private parts and demanded that she have sexual intercourse with him, and that he tried then and there by the use of both force and persuasion to accomplish that purpose. The girl was under the age of consent and therefore to argue that accused was first trying to procure her consent to the sexual act can avail nothing.

To have sexual intercourse with an unmarried female of previous chaste character under the age of eighteen years, is a felony under the laws of this State, and when a person takes liberties with such a female by indecently fondling

her with the intent by such acts to then and there have sexual intercourse with her, he thereby violates the law of this State as charged in the instant information.

The judgment is therefore affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.