## STATE OF FLORIDA v. RUBIN BOWDEN

18 So. (2nd) 478                             June Term, 1944
June 16, 1944                                  En Banc

J. *Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General and *Harry H. Martin,* Acting County Solicitor,. for appellant.

*Frank T. Cannon,* for appellee.

SEBRING, J.:

Rubin Bowden was indicted for rape and tried in the Circuit Court of Duval County. The trial jury returned a verdict of guilty of assault with intent to commit rape. Bowden brought the judgment to this Court for review. The Supreme Court reversed the judgment of the trial court because of the view that the elements of force against the will of the victim had not been proven by the State to the exclusion of and beyond a reasonable doubt. See Bowden v. State, (Fla.) 12 So. 2nd 887.

Upon the mandate of this Court going down, the county solicitor of Duval County filed an information against the defendant charging him with the criminal offense of having had unlawful carnal intercourse with an unmarried female person of previous chaste character under the age of eighteen years. See Sec. 794.05 Florida Statutes, 1941. To this information the defendant, Bowden, filed a motion to quash, on grounds of former jeopardy. See Sec. 909.02 Florida Statutes, 1941. The gist of the motion is that the transaction, act or occurrence upon which the present information is based is one and the same transaction, act or occurrence upon which the former indictment charging rape was predicated; that by its verdict of not guilty of rape rendered at the former trial the trial jury had necessarily determined as an issue of fact that the defendant had not had carnal knowledge and unlawful intercourse of and with the prosecutrix

because no fact of penetration had been shown; hence the defendant might not now be prosecuted upon the pending criminal charge, which requires as one of the indispensable elements to sustain it proof of penetration of the private parts of the female by the private male organ. Upon hearing the trial court granted the motion and quashed the information. The State of Florida has taken an appeal from that order under Section 924.07 Florida Statutes, 1941, which authorizes an appeal by the State from an order quashing an indictment or information or any count thereof.

The question is whether under the decision of this Court in Bowden v. State (Fla.) 12 So. 2d 887, the judgment of acquittal on the charge of rape, entered in the former trial, now stands as a bar to a prosecution either for unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years, or for an assault with intent to commit such crime.

In order to sustain a plea of former jeopardy it must be made to appear that there was a former prosecution in the same State for the same offense; that the same person was in jeopardy on the first prosecution; that the parties are identical in the same prosecution; and that the particular offense on the prosecution of which the jeopardy attached was such an offense as to constitute a bar to further prosecution. King v. State, 145 Fla. 286, 199 So. 38. The words "same offense" means same crime or omission; not necessarily the same acts, circumstances or situation out of which the crime or omission arises. Driggers v. State, 137 Fla. 182, 188 So. 118; State v. Corwin, 140 N. E. 369, 106 Ohio St. 638; State v. Winger, 282 N.W. 819, 204 Minn. 164, 119 A.L.R. 1202. The test is whether the defendant has been twice in jeopardy for the same identical crime, not whether he has been tried before upon the same acts, circumstances or situation the facts of which may sustain a conviction for a separate crime. Pottinger v. State, 122 Fla. 405, 165 So. 276; Sanford v. State, 75 Fla. 393, 78 So. 340; Driggers v. State, 137 Fla. 182, 188 So. 118. If the indictment on the first trial was such that the defendant might have been convicted under it on the evidence by which the present infor-

mation is sought to be sustained, the jeopardy which attached cn the first trial constitutes a protection against a subsequent trial on the second charge. Hagan v. State, 116 Fla. 553, 156 So. 533. Conversely, if the facts which will convict on a second prosecution would not necessarily have sustained a conviction on the former prosecution for the crime there charged, then the first prosecution will not stand as a bar to the second, although the offenses charged may have been committed in the same transaction. Albritton v. State, 137 Fla. 20, 187 So. 601; Hall v. State, 134 Ala. 90, 32 So. 750; Miller v. State, 33 Ind. App. 509, 71 N. E. 248; L.R.A. 1915A 256, Note; 22 C.J.S. Sec. 279, p. 417; 1 Wharton's Cr. Law, 12th Ed. Sec. 394, p. 535; 1 Bishop Cr. Law Sec. 1052.

The crime of rape is easily distinguishable from the crime of having unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years. Rape is the carnal knowledge of a female of the age of ten years or more by force and against her will. See Sec. 794.01 Florida Statutes, 1941. The elements of the crime are (1) penetration of the female private parts by the private male organ, and (2) force of such a nature as to put the victim in such fear that she is thereby compelled to submit to the act. Barker v. State, 40 Fla. 178, 24 So. 69; Russell v. State, 71 Fla. 236, 71 So. 27. Consent is a valid defense to the crime. The offense of having unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years (Sec. 794.05 Florida Statutes, 1941) is a statutory offense entirely different and distinct from the ordinary crime of rape denounced by Section 794.01 supra. See Wharton's Criminal Law, 12th Ed. Sec. 684. The elements of the crime are (1) carnal intercourse; (2) that the female be unmarried at the time of the carnal intercourse; (3) that she be of previous chaste character; and (4) that she be within the statutory age. Williams v. State, 92 Fla. 125, 109 So. 305; Dallas v. State, 76 Fla. 358, 79 So. 690, 3 A.L.R. 1457. Whereas proof of penetration is an indispensable element common to both offenses, the elements of force and lack of consent which are essential to conviction on a charge of rape are not essential to a conviction on the charge

of unlawful carnal intercourse with an unmarried female of previous chaste character, under the age of eighteen years. Hall v. State, 134 Ala. 90, 32 So. 750.

Rape may likewise be easily distinguishable from an assault with intent to have unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years. In an assault with intent to have unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years the intent to then and there have sexual intercourse with the female is the gravamen, and in the absence of an intent to have unlawful intercourse with the female the crime has not been perpetrated. Also, there must be some overt act directed to the consummation of the unlawful intent and amounting to an assault upon the female. But the proof need not show penetration or that the intent of the assailant was to have intercourse by force or violence or against the will of the victim. It is sufficient to show that the intent was to have intercourse either with or without consent. When the requisite intent to accomplish the desired purpose is present, accompanied by a direct act done toward its consummation, the crime may be said to be complete. Consent to the assault is not a defense, for the purpose of the statute being to protect the virtuous young women of this State within the specified age from defilement, the law presumes that a female falling within the protected class defined by statute shall be legally incapable of consenting to or protesting against the act. And this presumption of incapacity applies as well to every act of her assailant tending towards the commission of the crime as to the completed crime itself. Schang v. State, 43 Fla. 561, 31 So. 346; Phillips v. State, 93 Fla. 112, 111 So. 515; McKinny v. State, 29 Fla. 565, 10 So. 732, 30 Am. S.R. 140. Since unmarried women of previous chaste character within the specified age may be ravished though they make no resistance, they may though they consent, be assaulted with intent to carnally know them.

It is clear, therefore, that the testimony which would be sufficient to convict upon the present charge of having unlawful carnal intercourse with an unmarried female of pre-

vious chaste character under the age of eighteen years, or
for an assault with intent to commit such crime, would not be
sufficient to convict the accused of the charge of rape, which
was the subject of consideration in the former appeal.

It is suggested by counsel that because of what was said
by this Court in its opinion on the former appeal, the State
may not prosecute its action against Bowden on the criminal
information now under consideration. Reference is made to
language in the opinion wherein the court said: "The verdict
of the jury, in effect acquitting the accused of rape and
finding him guilty of assault with intent to commit rape,
though contrary to the overwhelming evidence, has fore-
closed the question as to penetration in favor of the accused."
It is thought by counsel that this was a judicial declaration
that the defendant might never again be prosecuted for his
alleged misdeed upon any criminal charge which requires
proof of penetration as an indispensable element to convic-
tion. We think that counsel misconceives the effect of the
quotation. The statement made was no more than a passing
observation by the opinion writer that, the jury having at
the first trial acquitted the defendant of rape, the review of
the record by the Supreme Court was confined to the sole
question then before the court on appeal; i.e., whether the
evidence appearing in the record was sufficient to sustain the
verdict and judgment returned by the trial jury, of assault
with intent to commit rape. It meant nothing more.

It is likewise urged that by reason of the concluding para-
graph of the opinion in the case the State of Florida is pre-
cluded from prosecuting further criminal proceedings other
than for assault with intent to have carnal intercourse with
an unmarried female of previous chaste character under the
age of eighteen years. The portion of the opinion referred
to reads: "It will be recognized that when the judgment of
reversal shall have been entered here the cause goes back
to the lower court in the same status as it would have if it
stood there on indictment charging assault with intent to
commit rape, and with the former verdict and judgment
standing as a bar to the prosecution of any higher offense
by reason of the acts here involved. Such verdict and judg-

ment will not bar prosecution for the crime of assault with intent to have sexual intercourse with an unmarried female under eighteen years of age of previous chaste character."

This enunciation of the court did not have the effect contended for by counsel; nor was it so intended. The judgment of this Court was that the judgment below should be reversed and remanded. This meant that the judgment should be reversed and a new trial granted, for otherwise the judgment of this Court would have been "that the defendant be discharged from the cause." See Sec. 924.36 Florida Statutes, 1941. Upon this judgment of remand the accused could again have been tried for assault with intent to commit rape, or for any other crime arising out of the acts, circumstances or situation which had not been barred by the former verdict of not guilty of rape. It was not the purpose of this Court to hold that the information now before us might not be subsequently maintained if there were sufficient facts to support it, for that question was not before us for consideration. Such comment as may appear to have been made in the opinion as to what future course the prosecuting attorney might pursue when the case went back for a new trial was, therefore, no more than a dictum.

The judgment or order appealed from should be reversed and the defendant tried on the information.

It is so ordered.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., concurs specially.

THOMAS, concurring specially:

I concur in the conclusion that the appellee be tried on the information, but only for the offense of "assault with intent to have sexual intercourse with an unmarried female under eighteen years of age of previous chaste character." Bowden v. State (Fla.) 12 So. 2d 887.