CARROLL, Judge.
This is a case of original jurisdiction in prohibition in which the petitioner Frankie Lee Glenn, claiming double jeopardy, seeks to prohibit his prosecution in the criminal court of record of Dade County for the crime of robbery.
Petitioner had been indicted earlier for first degree murder under the Felony-Murder Statute, § 782.04, Fla.Stat., F.S.A., which provides that the unlawful killing of a human being when committed with perpetration or attempted perpetration of a robbery shall be murder in the first degree.
In the course of a robbery participated in by the petitioner and another the latter was shot and killed by the intended victim. The earlier indictment charged Glenn with first degree murder, for the killing occurring at the hands of another, in the course of robbery in which Glenn was participating. He was tried thereon and convicted of manslaughter, a lesser included offense of the crime of first degree murder.
Thereafter, the state sought to prosecute Glenn on an information charging the robbery. His motion to quash based on a contention of double jeopardy was denied, and he petitioned this court for prohibition. We issued a rule nisi, and upon consideration of the record and briefs and with the benefit of argument of counsel conclude that the petitioner’s claim of double jeopardy is meritorious, and that the rule in prohibition should be made absolute.
Section 12 of the Declaration of Rights of the Constitution of Florida, 25 F.S.A., provides: “No person shall be subject to be twice put in jeopardy for the same offense.” Prosecution of Glenn on the larger crime included and involved trying him for the robbery offense. Since the killing was not by Glenn, his guilt or innocence on the murder charge, and therefore his jeopardy, hinged on the outcome of trial of the included and alleged offense of robbery. In the circumstances presented a subsequent trial of the petitioner for the robbery is interdicted by the constitutional provision against double jeopardy. See Sanford v. State, 75 Fla. 393, 78 So. 340.
Our decision is not to be construed as a holding that a subsequent trial for such felony (robbery) following conviction under the Felony-Murder Statute of one who, while engaged in robbery, committed the homicide, would constitute double jeopardy, a question on which we now express no opinion.
Judgment in prohibition is granted to the petitioner. We assume that in view of the foregoing opinion issuance of a formal writ of prohibition will not be necessary.
It is so ordered.