219 So.2d 49 (1969)
STATE of Florida, Appellant,
v.
Willie J. SHAW, Appellee.
No. 68-265.
District Court of Appeal of Florida. Second District.
February 7, 1969.
Rehearing Denied March 10, 1969.
*50 Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellant.
Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellee.
PIERCE, Acting Chief Judge.
Appellant State of Florida appeals to this Court from an order granting a motion to dismiss a criminal information charging appellee Willie J. Shaw, defendant below, with assault with intent to commit murder in the first degree.
Only one point is involved in the instant case, and it may be stated as follows: where a defendant has been convicted of manslaughter of an unborn quick child by shooting the mother with a gun, will double jeopardy protect the defendant from being thereafter prosecuted upon a charge of assault with intent to murder the mother based upon the same shooting? The lower Court held that defendant could not be prosecuted on the second charge and dismissed the latter information. The State has appealed the order of dismissal to this Court, contending that prosecution on the second charge is not barred by double jeopardy.
The point involved is of first impression in this State, and for all a diligent research discloses, without precedent in the nation. But there are certain landmarks in our Florida decisions that point the way to a definite conclusion.
The first information, filed on December 15, 1967, charged that defendant on October 28, 1967 
"* * * did then and there unlawfully kill an unborn quick child by shooting the mother of said unborn child, one Lucille Shaw, a human being, with a gun, which act would have been murder if it had resulted in the death of Lucille Shaw, the mother."
Upon trial before the Court without jury, defendant was convicted under the aforesaid information.
Thereafter, on May 8, 1968, a second information was filed, charging that defendant on said October 28th 
"* * * unlawfully and from a premeditated design to effect the death of one Lucille Shaw, a human being, an assault did make upon the said Lucille Shaw with a certain deadly weapon, to-wit: a gun, and did then and there inflict bodily wounds upon the said Lucille Shaw by shooting her with said gun of and from said premeditated design aforesaid and with intent then and there to murder and kill the said Lucille Shaw."
Defendant Shaw then filed motion to dismiss the latter information on the ground that his conviction on the first one had placed him in former jeopardy as to the second. The Court granted the motion to dismiss, and the State appeals to this Court and contends that the charges in the two informations were separate and distinct and a conviction on the first did not preclude trial upon the second. We agree and reverse.
To constitute double jeopardy, it is not enough that the second prosecution arises out of the same facts as the first, but the second prosecution must be for the same offense. Bacom v. Sullivan, 5 Cir.1953, 200 F.2d 70, cert. den., 345 U.S. 910, 73 S.Ct. 651, 97 L.Ed. 1345; Southworth v. State, 1929, 98 Fla. 1184, 125 So. 345; Wallace v. State, 1899, 41 Fla. 547, 26 So. 713.
The precise point here involved may be still further narrowed. If the facts which would convict on one prosecution would not necessarily have sustained conviction on another prosecution for the crime there charged, then the first prosecution could not stand as a bar to the second, although the offenses charged might have been committed in the same transaction. *51 State v. Bowden, 1944, 154 Fla. 511, 18 So.2d 478.
The test to be applied to determine whether two charges are separate and distinct and may be each prosecuted is whether one of the charges requires proof of an additional fact which the other does not. Llerandi v. United States, 5 Cir.1966, 358 F.2d 676. If one criminal charge requires proof of a fact which another charge does not, then the offenses are not the same, and a conviction or acquittal under one does not bar a prosecution under the other on ground of double jeopardy, the test for determining either the identity or the separateness of the offenses charged in the two indictments being whether the same proof will sustain conviction under both, or whether one of the charges requires proof of a fact or facts not required by the other. Bacom v. Sullivan, supra.
The offenses are not the same if, upon the trial of one, proof of an additional fact is required, which is not necessary to be proved in the trial of the other, although the same acts may be necessary to be proved in the trial of each. State v. Bacom, 1947, 159 Fla. 54, 30 So.2d 744, 172 A.L.R. 1050; State v. Bowden, supra; Sanford v. State, 1918, 75 Fla. 393, 78 So. 340; Vamvas v. United States, 5 Cir.1926, 13 F.2d 347; Goodwin v. State, 1946, 157 Fla. 751, 26 So.2d 898; Albritton v. State, 1939, 137 Fla. 20, 187 So. 601.
Applying the rationale of the foregoing cases to the averments of the two informations here, it will be perceived that one vital fact was necessary to be proved in the manslaughter information that was immaterial, and did not have to be proved, in the assault with intent to murder information; namely, the killing of the unborn quick child. This brings the case sub judice within the rule of the foregoing cases holding that the offenses are separate and not the same if one charge "requires proof of an additional fact which the other does not".
Thus the offenses are distinct and separate, not the same or identical, and the order appealed from is reversed, with directions that further proceedings be taken by the trial Court not inconsistent herewith.
Reversed.
MANN, J., and ALLEN, J., (Ret.), concur.