McNULTY, Judge.
The state appeals from an order dismissing charges of resisting arrest with violence made against appellees Lamons and Campbell. The dismissal order was apparently based on “double jeopardy” grounds, the trial court having referred to the recent United States Supreme Court decision of Waller v. Florida.[1] We reverse.
It was early Christmas morning at the Brass Rail Bar, and Sergeant Lasher of the Sarasota police department had arrived to investigate a reported shooting. While questioning several witnesses, appellee La-mons appeared and voluntarily acknowledged that he did the shooting. Sergeant Lasher attempted to arrest Lamons for the shooting but the latter protested loudly and profanely. He then suddenly took a swing at Sergeant Lasher and the two engaged in a physical altercation. At that point appel-lee Campbell attempted to get into the fracas, and he also was shouting profanities; but he was stopped by an officer Arnold who informed Campbell that he was under arrest for open profanity, whereupon Campbell swung at officer Arnold and a second brawl ensued. A third officer, Ead-ens, entered upon the scene and attempted to assist officer Arnold in subduing Campbell, while Sergeant Lasher and Lamons held forth in their affair. When a crowd of onlookers became restive and decidedly partisan in favor of Lamons and Campbell the officers drew their guns, dispersed the crowd and effected the arrest of Lamons and Campbell.
Both defendants were charged in the city court of Sarasota with open profanity and were convicted thereof. Subsequently, each was charged in the court below with the resisting arrest offense here. As indicated, the trial judge dismissed the charges for the reason that:
“ * * * the Obstruction of Justice with Violence, (sic) complained of arose out of the Defendants forcibly resisting the efforts of the police officers to complete the arrests of the respective Defendants for the offense of Open Profanity >)
“IT THEREFORE appears that the charge of Obstructing Justice is an offense arising out of the same transactions and that ‘Waller’ should control * * (Italics supplied)
We think the trial court’s reliance on Waller was patently misplaced. In the first place, the express holding of that case is :[2]
“ * * * that the Florida courts were in error to the extent of holding that—
‘even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.’ ”
Clearly, the gravamen thereof is that there is no longer the fiction of a state-city dual sovereignty, within the province of each of which a prosecution may be had for the identical offense.
Now it is rudimentary, we think, that the “identical offense” spoken of in Waller, *909 and of course contemplated within the concept of “double jeopardy,” means a second charge containing the identical elements necessarily provable by the same evidence of a charge made in a prior trial.[3] Unquestionably, too, it would embrace lesser included offenses. There is nothing in Waller, nor indeed in any other recognized principle of our criminal law, which would suggest that under circumstances giving rise to a series of separate offenses, however closely related they may be in point of time, each arose out of the same “transaction” so as to constitute but a single offense.[4] Certainly, for example, one firing a machine gun killing and/or wounding several people in sequence has committed a series of separate offenses not just one; and he can be tried separately on each of the offenses. The differing or nonidentical elements in each offense are the separate assault upon and the identity of the victim in each case, and proof of one is not dependent upon evidence of the other. Consequently, they would not be “identical” offenses notwithstanding that each arose out of the same circumstances or even, if it were so, from the single act of the perpetrator in pulling the trigger of the machine gun but once. The differing elements and evidence thereto appertaining, therefore, and not the mere circumstances surrounding the offenses, constitute the fundamental distinction.[5]
Applying these fundamenta here, then, the two offenses we are talking about are open profanity on the one hand and resisting arrest on the other. They happened to have occurred in sequence as to each defendant, the open profanity occurring first and the violent resistance occurring thereafter. But the result would be the same even if the charged profanity occurred contemporaneously with and during the violent resistance. The controlling point is that the elements of each offense are different and the proof of each is not dependent upon evidence of the other. And this is so notwithstanding that evidence of the surrounding circumstances may be the same in each case or that the evidence in each case might otherwise overlap.
We conclude by observing with emphasis that this case bears no congruity to those in which each count of a multi-count information alleges a facet of but one transaction, yet each of which charges a separate offense. In such cases a conviction may be had on each count, but only one sentence may be imposed.[6] Notwithstanding the “single transaction” rationale in those cases, however, they are decided on principles entirely different from those appropriate to the “double jeopardy” question now before us.
We hold, therefore, that “double jeopardy” does not bar the prosecution herein and that the order appealed from should be, and it is hereby, reversed.
Reversed.
PIERCE, C. J., and LILES, J., concur.

. 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

. Id., at p. 395, 90 S.Ct. at p. 1189.

. See e. g., Hattaway v. United States (5 Cir., 1968), 399 F.2d 431; Bacom v. Sullivan (5 Cir., 1953), 200 F.2d 70, cert. den., 345 U.S. 910, 73 S.Ct. 651, 97 L.Ed. 1345; State v. Bowden (1944), 154 Fla. 511, 18 So.2d 478; and State v. Shaw (Fla.App.1969), 219 So.2d 49.

. In fact, see Waller, (n. 1, supra), n. 6 therein.

. See, also, State v. Conrad (Fla.App.1971), 243 So.2d 174.

. See, Williams v. State (Fla.1953), 69 So.2d 766; Easton v. State, 250 So.2d 294, Opinion filed July 16, 1971; and Yost v. State (Fla.App.1971), 243 So.2d 469.