PER CURIAM.
The State of Florida brings this appeal from an order granting a motion to dismiss the second information filed against the defendants, A1 Fisher and Reginald Cochran.
The first information filed by the state against the defendants contained four counts, claiming in counts I and II grand larceny and conspiracy to commit grand larceny, the victim being one Edwin Potter. In counts III and IV defendants were charged with grand larceny and conspiracy to commit grand larceny, the victim being one James Hayes. The trial court granted a defense motion which required the prosecutor to elect to proceed on counts I and II or counts III and IV. The state elected to proceed on counts III and IV and in proof thereof, introduced testimony of the alleged victim, James Hayes, and also offered testimony of Edwin Potter, the complaining witness under counts I and II, who detailed his relationship with defendants. At the conclusion of the state’s case, the court directed a verdict of not guilty under counts III and IV. The court later allowed the state to dismiss counts I and II with leave to file a new information. Subsequently the new information was filed and the court dismissed it pursuant to a defense motion on the grounds of former j eopardy.
Former jeopardy is the constitutional and statutory guarantee that an accused will not be put in jeopardy twice for the same offense. Fla.Const. Art. I § 9, F.S.A. Under the usual definition, legal jeopardy attaches when the accused is placed on trial in a court of competent jurisdiction upon an indictment sufficient in form and substance to sustain a judgment of conviction and when a jury has been duly impaneled to try and determine the issue. State ex rel. Williams v. Grayson, Fla.1956, 90 So.2d 710; State v. Bernard, Fla.App.1971, 254 So.2d 38; Kennick v. State, Fla.App.1958, 107 So.2d 59.
*859 The question for our consideration is whether the defendants were placed in jeopardy under counts I and II when evidence pertaining to those counts was admitted during defendants’ trial on counts III and IV.
Appellant contends that defendants were tried and acquitted under counts III and IV, they were never tried on counts I.and II, and the admission of evidence relating to counts I and II will not bar a subsequent prosecution on these counts. Citing as authority State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944), appellant states that to sustain a plea of former jeopardy it must appear that there was a former prosecution for the same offense in the same state, that the same person was in jeopardy in the first prosecution, that the parties are identical in the two prosecutions and that the particular offense on the prosecution of- which jeopardy attached was such an offense as to constitute a bar to further prosecutions.
This court in Wingate v. State, Fla.App.1970, 232 So.2d 44 and Blackburn v. State, Fla.App.1968, 208 So.2d 625 stated that a trial court does not err in allowing evidence of crimes other than the one with which defendant is charged if the evidence is relevant to prove the case before it by establishing a common scheme or plan, identity, motive, intent or absence of mistake. The evidence does not become inadmissible when defendant is acquitted on a trial of a charge of those other crimes. These rulings support the argument that the evidence of other offenses does not place a defendant in jeopardy as to those other offenses.
We hold that at defendants’ trial the receipt of evidence of other crimes tending to prove intent, motive or pattern did not put defendants in jeopardy for those other crimes which were not the subject of the trial but merely strengthened the evidence of the crime for which they were being charged. See, Koenigstein v. State, 101 Neb. 229, 162 N.W. 879 (1917); State v. Millard, 242 S.W. 923 (Mo.1922). Therefore, a prosecution under counts I and II cannot be barred by the defense of former jeopardy.
Accordingly, the order of the lower court is reversed.