PER CURIAM.
Defendant-appellant was informed against, tried non-jury, found guilty and sentenced to one year in the state penitentiary for grand larceny.
On appeal, defendant first contends that the trial judge erred in denying defense counsel’s motion to dismiss or to exclude certain testimony based upon the grounds of double jeopardy and collateral estoppel.
An examination of the record on appeal clearly reflects that the case sub ju-dice is not barred by former jeopardy and/or collateral estoppel as the prior county court case relied on by the appellant pertained to a charge of uttering a worthless check and involved the defendant and one Marvin Lucas. See King v. State, 145 Fla. 286, 199 So. 38 (1940). Further, we find that the testimony of Lucas in the case at bar to the effect that he had given money to the defendant-appellant upon the defendant’s representation that he could purchase an automobile or other merchandise at below market cost and then never received the merchandise or his money back was admissible as this evidence was introduced to establish a common scheme or design and therefore was relevant. See State v. Fisher, Fla.App.1972, 264 So.2d 857. Thus, this argument of appellant must fail.
Appellant secondly argues that the evidence was insufficient to support the conviction.
*389 After a review of the record, we conclude that there was competent substantial evidence contained therein to sustain the finding of guilt.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.