ERVIN, Judge.
H.L.A. appeals an order adjudicating him a delinquent child. He argues, relying upon King v. State, 317 So.2d 852 (Fla. 1st DCA 1975), that the specific ground for adjudication, attempted uttering of a forged instrument, does not exist in Florida; therefore, the order should be vacated and he should be discharged from custody. We agree and reverse.
The evidence at the delinquency hearing showed that appellant presented a stolen payroll check, made payable to a person other than himself, to a clerk at a grocery store. The clerk took certain information from the juvenile, a street address and a telephone number, and wrote them on the *251 reverse side of the check. The information so obtained was later determined not to be the correct address and telephone number of the true payee. The check was not endorsed. When it was ascertained that appellant was not employed at the place of employment stated on the face of the check, appellant was arrested, and later confessed that he had obtained the check from another person, who had agreed with him to split equally the proceeds from the check once it was cashed. The true payee of the check testified that he had never received it from his employer.
At the close of the hearing, appellant moved for a judgment of acquittal on the ground that the state had not established a prima facie case. The trial court ruled that the state had not proven the charge of uttering, but reduced the charge to attempted uttering and adjudicated him delinquent of such offense.
The appellee concedes that attempted uttering is a non-existent crime in Florida, but suggests that the adjudication may appropriately be vacated and the cause remanded with instructions to the lower court to enter a new adjudication based on the offense of uttering, since uttering is established by an attempt to issue a forged instrument.[1] While the offense of uttering is committed by the mere offer of a false instrument with fraudulent intent, Revels v. State, 62 Fla. 83, 56 So. 416 (1911), it is necessary that the instrument be forged. See Harrell v. State, 79 Fla. 220, 83 So. 922 (1920); Forbes v. State, 210 So.2d 246 (Fla. 3d DCA 1968). The check was not shown to be forged. The face of the check was correctly made payable to its payee. Had appellant endorsed the name of the payee on the reverse side of the check, it then would have become a false or forged instrument, and the evidence would have been sufficient to adjudicate appellant a delinquent child for the offense of uttering. Compare Davis v. State, 364 So.2d 19 (Fla. 1st DCA 1978), which approved a conviction for forgery upon facts showing that the defendant had possession of a stolen check which had not been signed by its purported maker, and that defendant and his accomplice had entered into an agreement to cash the check and to divide the proceeds from it.
In the case at bar, appellant clearly could not have been convicted of the greater offense of uttering. Moreover, a verdict of guilty of a lower degree of a crime constitutes an acquittal of any higher degree of the crime charged and so bars any subsequent prosecution as to the higher offense. Sanford v. State, 75 Fla. 393, 78 So. 340 (1918); Greene v. City of Gulfport, 103 So.2d 115 (Fla.1958).
It appears that appellant was incorrectly charged; that he should have been charged either with obtaining property by false pretenses, now embraced under the Florida Anti-Fencing Act, Sections 812.012-812.037, Florida Statutes, or with obtaining property by false impersonation, Section 817.02, or with cheating, Section 817.29. Compare State v. Peterson, 192 So.2d 293 (Fla. 2d DCA 1966). For former jeopardy purposes, there would appear to be no bar to the state’s charging appellant with a separate and unrelated offense to that of uttering so long as the facts that would convict on the second prosecution would not necessarily have sustained a conviction on the former prosecution for the crime there charged, although both offenses may have arisen from the same transaction. See State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); State v. Shaw, 219 So.2d 49 (Fla. 2d DCA 1969).
*252 The adjudication of delinquency as to the offense of attempted uttering is reversed.
SHAW and WENTWORTH, JJ., concur.

. The state also argues that appellant did not properly preserve the point on appeal relating to there being no offense of attempted uttering due to his failure to make a specific objection below. This is an incorrect statement. Florida Rule of Juvenile Procedure 8.190(n) provides, similar to its counterpart under the Rules of Criminal Procedure, Rule 3.380(a), that “if at the close of the evidence for the petitioner, the court is of the opinion that the evidence is insufficient to warrant an adjudication, it may, and on the motion of any party, shall enter an order dismissing the petition for insufficiency of the evidence.” It was not necessary for appellant to preserve the issue on appeal by filing a motion for new trial, because the denial of a motion for judgment of acquittal at a non-jury trial is considered sufficient to raise the issue for appellate purposes. See Mancini v. State, 273 So.2d 371 (Fla.1973).