COBB, Judge,
concurring specially:
As I read section 794.05, Florida Statutes (1985) (statutory rape), it was not intended to apply, and does not apply, to nonconsen-sual acts of intercourse accomplished by force or duress. It is applicable only to consensual acts of intercourse with a previously chaste person under 18 years of age. Hence, where the proof in this cause established the use of force to the satisfaction of the finder of fact, the alternative charge pursuant to section 794.05 should have been dismissed and guilt adjudicated based on violation of section 794.011(5), Florida Statutes (1985) (forcible rape). The two statutes are mutually exclusive; hence, Blockburger is irrelevant. See Barton v. State, 507 So.2d 638 (Fla. 5th DCA 1987). Cf. State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944), wherein it was held that acquittal of forcible rape does not bar subsequent prosecution for statutory rape based on the same incident. Although acquittal of one charge does not bar conviction of the other, the conviction of either statutory or forcible rape would bar prosecution of the other because of the doctrine of estoppel by judgment. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
Accordingly, I concur with the majority result.