FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERTO TULIER,                              )
                                             )
          Appellant/Cross-Appellee,          )
                                             )
v.                                           )          Case No. 2D13-2098
                                             )
STATE OF FLORIDA,                            )
                                             )
          Appellee/Cross-Appellant.          )
                                             )

Opinion filed August 20, 2014.

Appeal from the Circuit Court for Pinellas
County; R. Timothy Peters, Judge.

Kepler B. Funk, Keith F. Szachacz, and
Alan S. Diamond of Funk, Szachacz &
Diamond, LLC, Melbourne, for
Appellant/Cross-Appellee.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for
Appellee/Cross-Appellant.


DAVIS, Chief Judge.

          Roberto Tulier challenges his convictions and sentences for aggravated

assault and attempted sexual activity with a minor.  He was convicted by a jury, and the

trial court sentenced him to 180 days' county jail to be followed by four years' sex

offender probation.  The State cross-appeals, arguing that the trial court improperly included a jury instruction for an offense that was not charged in the information and was not a lesser-included offense.  The State also argues on cross-appeal that the trial court erred in sentencing Tulier to a nonstate prison sanction because it would not allow the State to score the attempted sexual activity with a minor count as the primary offense.  We affirm Tulier's conviction for aggravated assault without further comment.  However, we must reverse his conviction for attempted sexual activity with a minor.  And based on that reversal, we dismiss the State's cross-appeal as moot.

The charges against Tulier stem from his encounter with a sixteen-year-old boy.  While driving an SUV, Tulier stopped at a stop sign.  The victim was on his bicycle in the crosswalk in front of Tulier.  As the victim passed, Tulier called out to him through his open passenger-side window.  The victim approached the passenger side of the vehicle walking but still astride his bicycle.  Tulier asked him through the open SUV window what his name was and how old he was.  The victim said his name and said that he was seventeen, although he was still sixteen at the time.  Tulier then asked the victim if he wanted to make $400, to which the victim asked how.  Tulier said, "Blow me."  The victim immediately called his father on his cell phone, and his father told him to get the SUV's tag number.  While continuing to talk to his father on the phone, the victim moved to the back of the vehicle, still straddling his bike.  At that point, the victim "heard the car click into reverse, and the vehicle began coming towards me.  I jumped off my bike into the curb, stepped back into the grass.  He hit the bike.  Dragged it for a foot or so."  The victim inquired, "What the f__?"  Tulier responded, "I'm sorry."  Tulier

then drove forward five or six feet, put the vehicle back in reverse, and floored it, completely running over the bike.  He then put the car back into drive and left the scene.

On appeal, Tulier argues that the trial court erred in failing to grant his motions for judgment of acquittal and new trial on the attempted sexual activity with a minor count.[1]  Tulier maintains that his offering the victim $400 in exchange for oral sex was not sufficient to amount to an act toward the commission of sexual activity with a minor but rather merely amounts to solicitation.  We agree.

Section 794.05(1), Florida Statutes (2011), provides as follows:

> A person [twenty-four] years of age or older who engages in sexual activity with a person [sixteen] or [seventeen] years of age commits a felony of the second degree . . . .  As used in this section, 'sexual activity' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another . . . .

Section 777.04(1), Florida Statutes (2011), provides that "[a] person who attempts to commit an offense prohibited by law and in such attempt <u>does any act toward the commission of such offense</u>, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt."  (Emphasis added.)

In moving for judgment of acquittal, counsel for Tulier argued that Tulier's actions amounted to nothing more than mere preparation to commit a crime and that to be an attempt, the actions need to go beyond mere preparation.  In denying judgment of acquittal, the trial court determined that the overt act in furtherance of the commission of the crime was Tulier's calling the victim over to him, asking for oral sex, and offering

---

[1]Tulier also argues on appeal that the trial court erred in denying his motion for statement of particulars as to this count.  However, in response to Tulier's request, the State did inform him of the factual basis for the allegation that he had committed attempted sexual activity with a minor.  At that time, Tulier did not object or seek further clarification.

money in exchange for oral sex.  The trial court therefore denied the motion and later

denied a motion for new trial raising the same argument.  This was error.

In Pittman v. State, 47 So. 2d 691 (Fla. 1950), a case analogous to the

instant case, the Florida Supreme Court considered the offense of attempted sexual

intercourse with an unmarried female of previous chaste character under the age of

eighteen years (statutory rape).  In doing so, the court recognized that

> "[i]n an assault with intent to have unlawful carnal
> intercourse with an unmarried female of previous
> chaste character under the age of eighteen years the
> intent to then and there have sexual intercourse with
> the female is the gravamen, and . . . . there must be
> some overt act directed to the consummation of the
> unlawful intent."

Id. at 692 (underlined emphasis added) (quoting State v. Bowden, 18 So. 2d 478, 480

(Fla. 1944)).  The court went on to state that

> [w]here an attempt is charged the overt act need not
> be of such force and violence as to constitute a legal
> assault.  In fact, considering that consent is no
> defense against a charge of statutory rape, we can
> envisage many acts which would amount to attempts
> to perpetrate the crime under consideration.  Be that
> as it may, to constitute an attempt there must be
> some overt act amounting to more than mere
> preparation.

Id.  Specifically addressing the issue of an overt act versus mere preparation, the court

considered the particular facts of the Pittman case.  There, the information charged that

> Pittman[ ] did say in the presence of and directly to
> the [victim] words in substance and in effect . . . to wit:
> I want to take you [to] a dance; I want to take you to
> the movies and invited her to go [to] a dance, or the
> movies or on [sic] a party with him . . . and called her
> endearing names, and upon such invitations being
> refused by the [victim] he . . . then asked and invited
> the [victim] to go out of the building in which they were

> both then working into adjoining woods for the
> purpose of having sexual intercourse with each other
> in said woods, or with the intent . . . to have unlawful
> carnal intercourse . . . .

Id. at 691. Essentially, Pittman asked the victim to go in the woods and have sex with him. And the Florida Supreme Court concluded that "[t]he facts alleged and established in this case constitute, at most, only solicitation—a mere preparation." Id. at 692. Therefore, the court concluded that "[a]lthough the conduct of the appellant as shown by the record was indeed reprehensible, there was no allegation in the information, nor was any proof adduced, of an overt act sufficient to establish a criminal attempt." Id.

The same is true in the instant case. Tulier essentially asked the victim for oral sex in exchange for $400. And while the trial court made much of the fact that he called the victim over in order to ask the question, such only amounts to preparation. The evidence does not support a conviction for attempted sexual activity with a minor. We therefore must reverse Tulier's conviction on that count.

Affirmed in part; reversed in part; cross-appeal dismissed as moot.

KELLY and LaROSE, JJ., Concur.