AUZIE ALFORD v. STATE.

181 So. 839.
Opinion Filed June 1, 1938.

*Purl G. Adams* and *Lloyd C. Powell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review judgment of conviction of one Auzie Alford in the Circuit Court of Okaloosa County under the second count of an indictment in the following language:

"And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that W. D. Houston, on June 1st, 1937, at and in Okaloosa County, Florida, did then and there feloniously attempt to commit an offense prohibited by the laws of Florida, and in such attempt did then and there do a certain act toward the commission of the said offense, that is to say that he, the said W. D. Houston, with the felonious intent to have unlawful carnal intercourse with one Ethel Alford, an unmarried female, who was then and there under the age of eighteen years and of previous chaste character, did then and there in the furtherance of his the said W. D. Houston's said felonious attempt, take the said Ethel Arnold to a secluded spot and place and cause her to be placed in a position in which sexual intercourse could be had with her, the said Ethel Alford; and Auzie Alford and Mrs. Auzie Alford did then and there before the said felonious act by the said W. D. Houston, committed in form and manner aforesaid, feloniously assist, procure, counsel and aid the said W. D. Houston to do and commit said felony."

The verdict of the jury was as follows:

"We, the Jury, find the defendant, W. D. Houston, guilty as charged in the second count.

"We, the Jury, find the defendant, Auzie Alford, guilty as charged in the second count.

"We, the Jury, find the defendant, Mrs. Auzie Alford, not guilty.

"ALTON EDGE, Foreman."

The plaintiff, in error poses four questions for our consideration, as follows:

"A.   Can there be such a crime as attempt to have carnal knowledge of a female under the age of eighteen (18) years and of previous chaste character?

"B.   Did the evidence in the case show that the principal, W. D. Houston, committed the act of attempt to have carnal knowledge of a female under the age of eighteen (18) and of previous chaste character?

"C.   Was the evidence sufficient for a conviction of the plaintiff in error as accessory before the fact of the said offense?

"D.   Could the trial court give a fine and alternative to the State Prison for three (3) years in such a case?"

The first question must be answered in the affirmative and against the contention of the plaintiff in error.

Section 5409 R. G. S., 7552 C. G. L., provides as follows:

"Any person who has unlawful carnal intercourse with any unmarried person, of previous chaste character, who at the time of such intercourse is under the age of eighteen years, shall be punished by imprisonment in the State penitentiary not more than ten years, or by fine not exceeding two thousand dollars, or both."

Section 5403 R. G. S., 7544 C. G. L., provides, in part, as follows:

"Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration, or is intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

"1.   If the offense attempted to be committed is punishable with death, the person convicted to such attempt shall

be punished by imprisonment in the State prison not exceeding ten years.

"2.   If the offense attempted to be committed is punishable by imprisonment in the State prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding one year."

There is little, if any, difference between the acts necessary to constitute an attempt to have sexual intercourse with an unmarried female under eighteen years of age of previous chaste character and the acts necessary to constitute the offense of assault with intent to commit the same offense.

In the case of Phillips v. State, 93 Fla. 112, 111 Sou. 515, the plaintiff in error had been convicted of the offense of an assault with attempt to commit a felony, to-wit: "to have unlawful carnal intercourse with an unmarried female person of previous chaste character under eighteen years of age." In that case we said:

"There is found in the record substantial evidence that the accused, a young man twenty-two years of age, took the young girl, fourteen years of age, alleged to have been the subject of the assault, for a ride in his automobile in the night time, that he drove to a lonely spot, stopped his car, took her in his arms, fondled and kissed her, raised her skirts, put his hands on her legs and on her private parts and demanded that she have sexual intercourse with him, and that he tried then and there by the use of both force and persuasion to accomplish that purpose. The girl was under the age of consent and therefore to argue that accused was first trying to procure her consent to the sexual act can avail nothing. To have sexual intercourse with an unmarried female of previous chaste character under the age of eighteen years, is a felony under the laws of this

State, and when a person takes liberties with such a female by indecently fondling her with the intent by such acts to then and there have sexual intercourse with her, he thereby violates the law of this State as charged in the instant information."

While the evidence in this case is conflicting, the proof of the attempt as found in the evidence given by several witnesses makes a stronger case than was made in the Phillips case. Therefore, we must hold that there was, as shown by the transcript of the record, adequate, legal evidence to prove the attempt charged to have been committed by the principal named in the indictment, W. D. Houston.

A reading of the record convinces us that there was sufficient evidence also to sustain a conviction against the plaintiff in error here as an accessory before the fact.

The fourth question must be answered in the negative because the statute, Sec. 5408 R. G. S., 7110 C. G. L., provides:

"Whoever aids in the commission of a felony, or as accessory thereto, before the fact, by counseling, hiring, or otherwise procuring such felony to be committed, shall be punished in the same manner prescribed for the punishment of the principal felon."

And Sec. 5403 R. G. S., 7544 C. G. L., provides that:

"The person convicted of such attempt shall be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding one year."

The sentence imposed in the instant case was:

"You, Auzie Alford, having been found guilty of the crime filed against you, the Court now adjudges you to be guilty. Therefore it is the judgment of the Court and the sentence of the law that you for your said offense do forfeit and pay to the State of Florida for the use of Okaloosa

County the sum of ($500.00) Five Hundred Dollars and costs, or in default of payment thereof, that you do be confined in the State prison at hard labor for a period of three years."

The error in the judgment, however, is sufficient to require a reversal. That part of the judgment reading "do forfeit and pay to the State of Florida for the use of Okaloosa County the sum of ($500.00) Five Hundred Dollars and costs, or in default of payment thereof" is not authorized under the statute when coupled with sentence to State prison, so the judgment is reversed and the cause remanded for the imposition of a legal and valid judgment on the record as it otherwise stands.

It is, therefore, ordered and adjudged that the said judgment be so amended *nunc pro tunc* as of the date thereof and it being so amended do stand affirmed.

So ordered.

Affirmed.

WHITFIELD, TERRELL and BROWN, J. J., concur.

CHAPMAN, J., dissents.

CHAPMAN, J. (dissenting).—On September 4, 1937, Auzie Alford and wife, Mrs. Auzie Alford, and W. D. Houston were indicted in two counts by a grand jury of Okaloosa County, Florida. The first count charged W. D. Houston with carnal intercourse with Ethel Alford, a female under 18 years of age of previous chaste character. Auzie Alford and his wife in the same count were charged with being accessories before the fact. The second count charged W. D. Houston with the crime of an *attempt* to have carnal intercourse with a female under 18 years of age of previous chaste character. Auzie Alford and wife in the same count were charged with being ac-

cessories before the fact. The crime is alleged to have been committed on June 1, 1937, in Okaloosa County, Florida.

The record shows that each of the defendants were arraigned immediately after the return of the indictment and pleas of not guilty entered, when the court set the trial for Wednesday morning at 9:00 o'clock, September 8, 1937. Counsel for defendants filed a motion for a severance but the same was denied. The defense desired the testimony of a witness by the name of Hubert Moore, who had been convicted and transported to the State Penitentiary before the case at bar was called for trial. A continuance of the case was requested and the record shows the following proceedings:

"THE COURT: I don't think under the showing that a continuance will be granted. This case was set last Friday or Saturday for today. Of course the Court takes judicial notice of the fact that that man has been sentenced for two years, and he could not be brought back to testify under two years' time. Therefore the motion is denied.

"Mr. Adams: I feel a little bit embarrassed over the Court having to rule like it has in this matter, for I feel like I have been negligent on my client's side. My little short years as State Attorney I do know it has always been the custom of prisoners not being carried off until the Court ended.

"THE COURT: I know of numbers of time that prisoners have been sent off before Court adjourned.

"MR. ADAMS: When Mr. Barrow talked to Moore Monday morning we thought we would use him, but I have been very busy, and Mr. Barrow could not talk to me. I feel—

."THE COURT: If you will put up the money to get the prisoner back here Friday of this week, we can do that.

If you will see that a deposit is made to serve a Writ of Habeas Corpus on the keeper of the prison *ad testificandum,* it can be done, but I don't—there is a showing for continuance.

"MR. ADAMS: In view of the fact that this Court would not grant a severance in this case, and in view of the fact that one attorney, the attorney representing the other party besides Mr. Houston, announces it impossible for him to be present Saturday, and in view of the fact that the same attorney is defending another murder case which is set· for Thursday, and the fact that other criminal cases are set, it seems a physical impossibility for counsel in this case to be ready for trial any other day in this term excepting today, and if the case cannot go over we could not try the case at any other day this term other than today.

"THE COURT: The motion for continuance on the showing made will be denied, but if arrangements are made, the Court would order a writ of Habeas Corpus *ad testificandum,* returnable to Friday at two o'clock of this week.

"MR. ADAMS: Note an exception to the Court's ruling.

"THE COURT: You do not desire to avail yourselves of suing out habeas corpus?

"MR. ADAMS: As formerly stated to the Court, the counsel are so busy in other cases that they would not have time to try this case any day other than this afternoon this term. But we would put up the money for the witness to be brought at any day next term.

"THE COURT: The Court will follow the same announcement that if it is the desire, the Court will order a Writ of Habeas Corpus *ad testificandum,* returnable Friday at two o'clock, otherwise the case will proceed. As I understand it you do not desire to do that?

"MR. ADAMS: Yes, sir, that is right.

"Thereupon a Jury of six men was duly impaneled and sworn.

"THE COURT: I wish to make this announcement: It is very likely the testimony in this case no lady will wish to hear, and they are permitted to retire from the Court room as the testimony will be such as I feel no lady will want to hear. I just want to give you that warning so all the ladies will retire from the Court room."

The witness Ethel Alford was called as a witness for the prosecution and was interrogated by the State Attorney. She admitted an acquaintance with the defendant, W. D. Houston.

"Q. Do you remember the day that Roy and Clarence Alford said they found you out in the woods?

"A. They didn't do it.

"Q. At any time prior to that date had any man had sexual intercourse with you?

"A. No. sir."

"Cross examination:

"Q. Has Mr. Houston ever had sexual intercourse with you, Ethel?

"A. What does that mean?

"Q. Sexual dealings with you?

"A. No, sir.

"Q. Has he ever attempted to have sexual dealings with you?

"A. No, sir."

Clarence Alford and Roy Alford testified for the State as having seen the defendant, W. D. Houston, and Ethel Alford in a compromising attitude during the daytime at a thickly wooded spot near Crestview and reported the same to the Sheriff's office. When the officers visited the spot they took the boards nailed to a tree on which it was claimed

the girl was sitting when the act was committed. Likewise a piece of canvas was found which was alleged to have been used by·the defendant Houston. A description of the *locus in quo* as to tracks was fully corroborated by the officers and others going to the scene. A deputy sheriff took the girl to a physician at Crestview shortly after the alleged crime was committed. He examined her and testified as a result thereof that the girl had not been ruptured or torn.

"Q. Was she entered, on that occasion?

"A. She was not.

"Q. Did she show any signs of having been torn, anything like an attempt to enter?

"A. There was no rupture of the hymen * * * ·

"Q. You examined her to see whether or not she had ever been entered?

"A. That is right.

"Q. You found no signs of her being entered, or attempted to be entered?

"A. I don't know about attempt, but there was nothing lacerated or torn." * * * "I examined her the second time and found her the same as the first."

The *corpus delicti,* or the body of the crime, in·the case at bar must rest upon the testimony of Roy and Clarence Alford. While the record shows their testimony is corroborated upon many· material points, it is directed almost conclusively to the co-defendant, W. D. Houston, and not the plaintiff in error. We have been, unable to find the evidence in this record to support the jury's verdict as against the plaintiff in error. The testimony was stronger against Mrs. Auzie Alford than plaintiff in error and as to her the jury rendered a verdict of not guilty.

The testimony of the defendant Houston shows that he was past 74 years of age and has lived in what is now Oka-

loosa County since 1874, was a farmer, thrifty, and the record shows that he was a good citizen and had never been arrested except on the indictment here. His testimony showed no improper attitude toward the girl and corroborates the testimony of the physician and the girl. The writer of this opinion believes that a recognition should be given to good citizenship. A citizen should be encouraged to lead an exemplary life. It is difficult to understand the verdict of the jury when based only on the testimony of Roy and Clarence Alford, corroborating testimony and circumstances, and contradicted by the girl, the examining physician, and a man who has been a good citizen for approximately sixty years.

The jury no doubt was influenced by something *dehors* the record. The State Attorney cross examined the defendant Houston over the objections of defendant's counsel as shown by the record as follows:

"Q. You said you had never been arrested before, did you not?

"A. I was arrested Saturday.

"Q. Before Saturday?

"A. No, sir.

"Q. Is it not a fact that in Walton County you were arrested on similar sex crime?

"A.. No, sir.

"Q. Is it not a fact you paid off $750.00 in Walton County for having dealings with a girl?

"A. No, sir, not a bit of truth about it.

"Q. Is it not a fact that you were arrested some years ago in Walton County on the charge of having dealings with a girl under age?

"A. No, sir.

"Q. Do you know Mr. Lawrence McLaughlin sitting over there?

"A. Yes, sir.

"Q. Do you remember going to Mr. McLaughlin and asking him to testify that he had dealings with that girl?

"MR. ADAMS: We object on the ground that is immaterial and incompetent.

"THE COURT: He can interrogate the witness as to certain circumstances in cross-examination of his testimony Exception.

"MR. ADAMS: We further object to that on the ground that it is for the purpose of offering impeaching testimony on collateral matters.

"THE COURT: I think he can interrogate him on cross examination. I think he is refreshing his memory.

"MR. ADAMS: We object to the question on the ground that it is immaterial, irrelevant and incompetent; second, on the ground that it is seeking to offer impeachment of this witness on collateral matters; third, that it is seeking to prove a separate and distinct offense against this defendant.

"THE COURT: Objection overruled, on cross examination.

"Q. What was your answer to that question?

"A. I was not arrested. I found out there was a warrant issued for me, and I went and put up bond.

"Q. And paid off in the case?

"A. No sir, I did make a compromsie, but the girl was over eighteen years old. I was not prosecuted for having intercourse with the girl under eighteen years. It was not a young one that somebody else had got. Not mine.

"Q. You compromised for it, didn't you?

"A. I compromised to get out. She had no right to compromise it after she put it in Court, but she did.

"Q. You had to make bond under the charge?

"A. When I found out she had a warrant for me, I put up bond.

"Mr. Adams: We object to this testimony and move to strike the answer because the State has gone entirely too far. The State can't go any farther than ask this man whether or not he was convicted or whether or not he plead guilty, but the State has gone far enough to prove facts in the case and ask about his arrest and all these collateral matters that are immaterial in this case, and purely to prejudice the jury.

"The Court: The objection is overruled on cross examination where the witness has testified he has never been arrested. Exceptions.

"Mr. Adams: On account of the action of the State Attorney during the questioning of this witness, it certainly has prejudiced this witness' trial before the jury, and we, therefore move the Court to declare a mis-trial in this case.

"The Court: Motion denied. Exception.

"Q. Do you know Mrs. Matthews, the mother of this Floyd Matthews who testified yesterday?

"A. No, sir, I don't know her personally.

"Q. You don't know her personally?

"A. No, sir.

"Mr. Beggs: Mr. Sheriff, call Mrs. Matthews to the door.

"Mrs. Mathews entered the Court room.

"Mr. Beggs: Now go back outside Mrs. Matthews.

"Q. Do you know this Mrs. Matthews?

"A. I always called her Mathis.

"Q. Do you know this Mrs. Mathis?

"A. Yes, sir.

"Q. Do you recall an occasion several months ago when Ausie and his wife were separated, going to Mrs. Mathis and telling her you wanted to rent a room for a girl and would pay for it, and wanted to see her occasionally?

"A. No, sir, I didn't do that. There is nothing to it.

"Q. When was it that Ausie came to your house and Clarence and Roy were on the truck?

"A. About three weeks ago, if I remember right, tomorrow.

"Q. Some time after this case came up, then?

"A. Yes, sir.

"Q. You say you have been quite friendly with the Alfords and helped them out every way you could. Is that it?

"A. Well, I have loaned them money. I have sold him my timber.

"Q. As a matter of fact, you are paying their attorney's fee in this case, are you not?

"MR. ADAMS: I think that is kind of improper for an attorney to question a witness as to that. It is trying to cast reflection not only on the attorney but on the whole Bar. It is irrelevant and improper and seeks to prejudice the jury against this defendant in this case.

"THE COURT: I think on cross examination he can interrogate the witness as to anything else that he has done for them. Objection overruled on that theory.

"MR. ADAMS: Object to it further because it is not in cross of anything brought out on direct.

"THE COURT: Overruled.

"Q. As a matter of fact, you employed the attorney that is representing Mr. and Mrs. Alford, didn't you?

"A. I loaned them some money for it, yes, sir."

While it may be contended that this proceeding would not militate against the plaintiff in error, it cannot be overlooked that a continuance was requested by counsel for defendants, and a motion for a severance denied, objections

seasonably made and exceptions allowed and noted to the above proceedings. I think this was error and the cause should be reversed for a new trial.