## JESSE CASON v. STATE OF FLORIDA

31 So. (2nd) 274             June Term, 1947
July 18, 1947             Special Division B

*Zach H. Douglas, Carey Goddard* and *G. A. Buie, Jr.,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

TAYLOR, Associate Justice:

The defendant was convicted of violation of Section 784.06, Fla. Stat., 1941, and he appeals.

Two questions are argued here. The first raises the sufficiency of the evidence to support the jury's verdict. We find the evidence sufficient. Alford v. State, 132 Fla. 624, 181 So. 839.

The second attacks the charge of the court as follows:

" 'In the event of a conviction in this case, the maximum penalty would be five years in the State prison or a fine of $1000. The Court is also empowered under the law to suspend imposition of sentence or to place the defendant on probation, if it should appear to the Court from consideration of all the circumstances that such treatment would be to the best interest of society and of the defendant.

" 'Under the law of this State, if you convict the defendant, you may in your verdict recommend him to the mercy of the Court or to executive clemency. Such a recommendation in a case like this does not necessarily bind the Court or the Governor, but it is advisory and would be persuasive.

" 'It is the Court's duty and sole province to award the sentence and to fix the punishment or penalty prescribed by law, if the defendant be convicted. You must, therefore, confine your deliberations to the evidence presented at the trial in arranging at your judgment as to whether the defendant is guilty or innocent of the crime with which he is charged.' "

The statute, Section 819.10, Fla. Stat. 1941, (1945 Amendment) requires that the court must include in its charge to the jury the penalty fixed by law for the offense for which the accused is then on trial.

The power of the court to suspend the imposition of sentence and the power to place on probation are part of the penalty fixed by law for those convicted of crime because they modify the language of the statutes fixing penalties which would otherwise be imposed.

A period of probation in one case may be just as appropriate a penalty as the imposition of the maximum period of imprisonment provided by law would be in another.

The Trial court very properly covered this question in his charge and was careful to advise the jury that it was the sole province of the court to award the sentence and the jury should confine its deliberation to the evidence of guilt.

Affirmed.

THOMAS, C. J., BUFORD and BARNS, JJ., concur.