TERRELL, Chief Justice.
Marvin D. Phillips was indicted and tried for rape in Collier County. The jury returned a yerdict of “guilty of rape” as charged in the indictment, without recommendation to mercy. The court imposed the extreme penalty, death by electrocution. Motion for new trial was overruled and this appeal was prosecuted.
It is first contended that the evidence was not sufficient predicate for the verdict and judgment.
In support .of this contention appellant says that there is no showing of penetration, an essential element of rape as required by Section 794.01, Florida Statutes, F.S.A. Williams v. State, 53 Fla. 84, 43 So. 431; State v. Bowden, 154 Fla. 511, 18 So.2d 478, and Barker v. State, 40 Fla. 178, 24 So.2d 69, are relied on to support this contention. There is no quarrel with the law enunciated in these cases. If we had a similar state of facts here they would be pertinent. The evidence has been thoroughly examined and while there is some evidence that if construed in isolation might leave one in doubt and lead to a different verdict but when read and construed as a whole there -was ample support for the verdict. It is conclusively supported by the evidence of Dr. Ethel H. Trygstad, Dr. John J. Meli and .the evidence of Chief of Police, of Naples, with reference to the confession of appellant wheq he was taken in custody.
It is next contended that the trial court committed error when he informed the jury, at the request of the foreman, the possibility of parole or pardon in case they return a verdict of guilty with recommendation of mercy.
Osius v. State, 96 Fla. 318, 117 So. 859, is relied on to support this contention. We do not think Osius v. State is in point with or supports the contention in this case. In fact we cannot see that the charge was harmful but on the other hand, while not altogether clear, if the charge had any effect whatever it was to the advantage of appellant and harmless. McKee v. State, 159 Fla. 794, 33 So.2d 50; Cason v. State, 159 Fla. 294, 31 So.2d 274. The statute, Section 918.10(1), Florida statutes, F.S.A., directs the court to charge on the penalty as he does on the law. The charge complained of dealt with the question of pardons and paroles in a rather general way and there is nothing in the judgment or sentence to indicate that any harm was done.
The victim of appellant’s' .outrage was a girl eleven years old. The evidence of the two physicians and the Naples Chief of Police pointed out in the forepart of this opinion shows every essential element of the crime of rape. We do not think this opinion contributes anything new to the law of rape but we are adjudicating a capital case and this court is committed to the doctrine that in disposing of such cases its reasons therefor should be expressed in writing, otherwise a per curiam affirmance would be ample.
The judgment appealed from is therefore affirmed.
Affirmed.
HOBSON, ROBERTS, DREW, THOR-NAL and O’CONNELL, JJ., concur.
THOMAS, J., not participating.