157 So.2d 65 (1963)
LEMUEL DEAN BURNETTE, APPELLANT,
v.
STATE OF FLORIDA, APPELLEE.
No. 32024.
Supreme Court of Florida.
September 20, 1963.
As Amended on Rehearing November 6, 1963.
Smoak & Ruff, D. Frank Smoak, Jr., and John Ruff, Punta Gorda, for appellant.
*66 Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
DREW, Chief Justice.
Lemuel Dean Burnette was found guilty of murder in the first degree and sentenced to death by electrocution. The sole question presented on this appeal from such judgment and sentence is the propriety of the following events which transpired when the jury returned to the courtroom after its deliberations had been in progress for some time, viz:
"THE COURT: Does the Jury wish to come out?
"THE BAILIFF: Yes, sir, they want to ask a question.
(Thereupon, the Jury returned to the Courtroom.)
"THE COURT: Just line up in front. That will be all right. Do you have a question?
"THE JUROR: Yes. If a verdict were reached in the first degree and recommended for mercy, you stated, I believe, the penalty of a life imprisonment. Is there any provision for parole within that lifetime?
"THE COURT: Under the laws of the State of Florida, a person imprisoned becomes eligible to submit an application for parole after having been in prison for a period of six months. And the application is acted on by a parole commission. Does that answer your question?
"THE JUROR: Yes, sir.
(Thereupon, the Jury retired to the jury room.)
"THE COURT: Do any of you want to make any exceptions of the law, that is to the giving of it?
"MR. SCHAUB: The State has none.
"MR. SMOAK: The Defendant has none.
"THE COURT: The Court will adjourn until the Jury returns."
There is no contention by appellant that the Defendant was entitled to a recommendation of mercy,[1] the appellant conceding that the actions of the jury in recommending or denying a recommendation of mercy is in itself an unassailable judgment and one "which the law has placed entirely within the discretion of a majority of them [the jury]."[2] The contention of appellant is in fine that he was entitled under the law to have the jury determine the question of whether they would grant or withhold a recommendation of mercy in the same fair and impartial manner as the question of his guilt or innocence.
From the quoted excerpt above it appears that the appellant failed to formally note an objection or exception to the Court's response to the inquiry of the jury and this fact is used by the State as a basis for asserting *67 that such objection comes too late at the appellate level. Hence it is necessary on the main question to determine first whether we may entertain this appeal in the light of such disclosure.
The rules of this Court and the statutes of this State[3] provide that in causes of this nature this Court may in its discretion, if it deems the interests of justice to so require, review anything said or done in the cause which appears in the appeal record, including instructions to the jury, whether or not exception is taken thereto at the time. While this rule and the statute have not been applied in all instances it has been closely and strictly adhered to in cases where the supreme penalty has been imposed by the judgment under review. In the Singer case,[4] decided by this Court in 1959, this question was fully discussed with reference and applied to certain remarks made by the state's attorney in his closing argument to the jury. In that case we quoted from Akin v. State, 1923, 86 Fla. 564, 98 So. 609, 612:
"`* * * A verdict will not be set aside by an appellate court because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the time of their utterance. This rule is subject to the exception that, if the improper remarks are of such character that neither rebuke nor retraction may entirely destroy their sinister influence, in such event a new trial should be awarded regardless of the want of objection or exception. * * *'"
The character of remarks of the state's attorney in the Singer case, to which no objection was timely made, was one of the grounds upon which the judgment of conviction in that case was reversed by this court. Shortly after the Singer case, we had a similar question for consideration in the Pait case,[5] and again in considering a judgment and conviction of murder in the first degree and a sentence of death imposed pursuant thereto we were considering the propriety of remarks of the state's attorney to which a timely objection had not been made. Again we pointed out in that case that "* * * there are situations where the comments of the prosecutor so deeply implant seeds of prejudice or confusion that even in the absence of a timely objection at the trial level it becomes the responsibility of this court to point out the error and if necessary reverse the conviction."
We consider the events which transpired in this case disclosed by the excerpts from the record quoted at length above to present such grave issues as to require our consideration of the matter even in the absence of the interposition of a timely objection. We therefore proceed to the main question of whether the failure of the trial court to give to the jury the full and complete provisions of the entire statutes relating to parole and probation[6] (the contention of appellant), or to instruct the jury in any respect with reference to probation and parole (a question inherent in the main question), constitutes a reversible error in view of the imposition of the supreme penalty in this case.
As an introduction to the discussion of this question it should be pointed out that the error, if in fact there is error, cannot be said in this case to be harmless, on the ground that the action of the court in discussing the question of parole with the jury affected the decision of the jury only with respect to whether it would recommend *68 mercy. In Raulerson v. State[7] the gravity of such a situation was forcefully expressed by Mr. Justice Thomas in the opinion in that case in which, among other things, he said:
"* * * And how are we to determine what effect it [the improper statement] had on the conclusion of the jury. Assuming for the moment the State's argument that the proof of guilt was `clearly established' we cannot agree with the State's contention that `there is no reason to believe that any verdict other than that of guilty as charged could possibly have been arrived at.' (Italics supplied.) In this statement the possibility that a recommendation of mercy might be included in the verdict is ignored. * * * Who is there to gainsay that but for the questioned remark seven jurors would have recommended mercy? Not we. The difference, to the appellants, would have been the one between life and death. Even when a recommendation of mercy is incorporated in the verdict, the defendant must have been proved `guilty beyond and to the exclusion of a reasonable doubt.' Davis v. State, Fla., 90 So.2d 629, 631. If the State's premise, that such was the degree of proof in this case, is accepted, it does not lead to the conclusion that death should result."
While the Singer and Pait cases were concerned with remarks made by the state prosecuting officer in his argument to the jury, Raulerson v. State was concerned with remarks of a prejudicial nature made in the course of the trial by the trial judge. So far as the principles of law are concerned, we draw no distinction between the two situations. If it could be said that one was more harmful than the other, then by virtue of the very nature of our judicial processes and the dominant position of the trial judge in such cases it must be conceded that the greater harm could come from the remarks of the court.
In the Singer case the rule is laid down that a defendant in a trial for first degree murder:
"* * * has the same right to have the question of mercy determined in a fair and impartial proceeding, free from prejudicial and inflammatory statements, as he does to have the question of guilt so determined. It is not enough that the proceedings affecting guilt or innocence were proper, if the proceedings prejudiced the jury's determination of a recommendation to mercy. In this case we have concluded that the statements of the State Attorney did or were likely to prejudice the jury in determining a recommendation to mercy for the defendant."
The decisions in the Pait and Raulerson cases are to the same effect.
Under our system of laws the questions of probation and parole are placed by the Legislature in certain designated state officials. The same lawmaking body that prescribes the death penalty for deliberate murder and authorizes a jury to recommend mercy or to impose the sentence of death provides for the parole of persons convicted of crime under regulated conditions. It is not the province of a jury to allow the question of whether a prisoner may or may not be paroled to enter into its deliberations.
The State relies principally upon McKee v. State[8] in arguing that the trial judge did not commit error in informing a jury how long a defendant must serve before such defendant would be eligible for parole. We do not find that McKee v. State is controlling in this instance. In that case the jury recommended mercy. So far as the harmful nature of such a statement or charge is concerned there is a vast *69 difference between a case where there is no recommendation of mercy and one where the jury does recommend mercy. Except in capital cases discussion of the question of parole with a jury could not result in prejudice to the defendant for the simple reason that the jury is concerned only with the question of determining guilt or innocence. Moreover, in the McKee case the opinion does not disclose the extent of the discussion of the jury instruction. It merely recited in the concluding paragraph of the opinion that there was a contention "that it was error for the trial court to discuss with the jury the eligibility of a convicted person for parole and to read Section 947.16, Florida Statutes 1941, F.S.A., relating to parole to the jury during the trial * * *."[9] In the case sub judice the State concedes, so far as the harmful nature of the error is concerned,
"that the question asked of the trial court by the jury was evidently asked solely for the purpose of determining whether there would be a recommendation of mercy. It is clear that a defendant guilty of first degree murder has no legal right to a recommendation of mercy under any circumstance. The jury was therefore simply making an inquiry to determine whether they were to extend the defendant their grace. If the answer had not been forthcoming from the trial court, the jury was free to assume that the defendant could conceivably get out on parole within one month or even a shorter period of time and could deny mercy as a result of such assumption."
The speculation of the State in the last sentence of the above quotation is a matter of which we must take cognizance. It is hardly conceivable that in a jury of twelve men there would not be many who were familiar with the fact that persons convicted of crime are subject to be paroled. It could well be that in the jury room such discussions could affect the decision of the jury in granting or withholding mercy. If such fact did enter into its consideration it would be contrary to the rule laid down in the Singer case that the question should be determined in a fair and impartial proceeding. It is a fact, nevertheless, which not only concerns this Court but has been the subject of many decisions in the courts of other states. No useful purpose would be served by a discussion of the various approaches the appellate courts have adopted in an effort to solve this question. Some courts have held that when a situation arises such as exists in this case, the court should promptly declare a mistrial and submit the cause to another jury. Other courts have held that the jury should simply be instructed that the question of probation and parole was not a matter for their consideration and should not in any way influence them in the rendition of their verdict. Others have held that where the question is asked the court should fully and fairly advise the jury at length concerning the laws of the state with reference to probation and parole.[10]
It is not often in the trial of a capital case that situations develop such as happen in this case. When such situations do arise the question presented is a most delicate one. In at least one case which has appeared in this Court in a similar situation the trial judge merely admonished the jury that the question of probation and parole was not a matter with which they were to be concerned.[11] We think this is *70 the better rule to follow, but it does not solve the dilemma that is posed by the last sentence of the quotation from the State's brief. The mental processes by which a juror arrives at his conclusion that he will not recommend mercy is, of course, not a matter that may be inquired into. The juror may not, and probably does not, know that it is improper to allow such considerations to affect his verdict. Such juror is an integral and most vital part of our court system in the administration of justice under law. We must assume that  if properly charged  he will live up to the obligations of his oath as a juror to render a true verdict "according to the law and the evidence."[12] In the trial of every capital case, therefore, as a part of his general charge concerning the power of the jury with reference to a recommendation of mercy, the trial judge should admonish the jury that provisions for probation, parole, pardon or commutation of convicted persons are incorporated in and are a part of the laws of this State; that such laws are administered by public officials of this State in a manner authorized by the Legislature; that the question of whether mercy should be recommended is to be determined, under their oaths, in a fair and impartial manner, and that the question of whether the defendant would be subject to such procedures after conviction is a matter that they should not consider or discuss in connection therewith.
We wish to make it clear that the failure to give such a charge would not, in itself and standing alone, constitute harmful error. Giving such a charge, however, in all cases where the supreme penalty may attach to the verdict could in many instances prevent a possible miscarriage of justice. Anything in Phillips v. State, Fla., 92 So.2d 627, contrary to or in conflict with the views herein expressed are hereby receded from and overruled.
In the light of the disclosures of this record and for the reasons herein discussed we conclude that the interests of justice require a new trial. It is so ordered.
Reversed and remanded.
TERRELL, THOMAS, ROBERTS, THORNAL, O'CONNELL and CALDWELL, JJ., concur.
NOTES
[1] Section 919.23, Florida Statutes 1961, F.S.A. provides:

"919.23 Recommendation to mercy * * * (1) In all criminal trials, the jury, in addition to a verdict of guilty of any offense, may recommend the accused to the mercy of the court or to executive elemency, and such recommendation shall not qualify the verdict except in capital cases. In all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law.
"(2) Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; or if found by the judge of the court, where there is no jury, to be entitled to a recommendation to mercy, shall be sentenced to imprisonment for life, at the discretion of the court."
[2] Garner v. State, 28 Fla. 113, 9 So. 835; Davis v. State (Fla. 1960), 123 So.2d 703.
[3] F.A.R. 1962 Revision 6.16, 31 F.S.A. See 924.32, Florida Statutes 1961, F.S.A.
[4] Singer v. State, Fla. 1959, 109 So.2d 7, 28.
[5] Pait v. State, Fla. 1959, 112 So.2d 380, 381, 384.
[6] The pertinent statutes on this subject are Sections 947.16, 947.17, 947.18, 947.19, Florida Statutes 1961, F.S.A.
[7] Raulerson v. State, Fla. 1958, 102 So.2d 281.
[8] McKee v. State, 1947, 159 Fla. 794, 33 So.2d 50, 52.
[9] The conclusion of this Court in this case was entirely correct under the harmless error statute.
[10] For a thorough discussion of the many facets of this situation see the Annotation in 35 A.L.R.2d beginning on page 769.
[11] In Pait v. State (footnote 5, supra) in answer to an inquiry by the jury as to the minimum time a prisoner must serve before being eligible to parole, the trial court said in substance that he couldn't answer the question and that they (the jury) would have to confine their deliberations to the evidence presented at the trial. No point was made in the appeal on this point.
[12] Sec. 913.11, Florida Statutes 1961, F.S.A.