JOSEPH L. AUGUST, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

### Division B.

### Opinion Filed August 3, 1926.

1. No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law; nor shall private property be taken without just compensation.

2. The law is well settled that the plea of former acquittal must be pleaded with such certainty as to make it appear that the offense for which defendant had been tried and acquitted was the same as that for which he was convicted.

3. Pleas of *autrefois acquit* erroneously overruled as being insufficient.

A Writ of Error to the Criminal Court of Record for Dade County; Tom Norfleet, Judge.

Reversed.

*McCaskill, Taylor & McCaskill*, for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *Roy Campbell*, Assistant, for the State.

BUFORD, J.—The plaintiff in error was arraigned in the Criminal Court of Record of Dade County, Florida, upon a charge of obtaining money by false pretense.

After the Court had overruled a motion to quash the information a plea of *autrefois acquit* was filed in the words and figures as follows, to-wit:

"And now the said Joseph L. August in his own proper person comes into the Court having heard the information read, says:

That the said State of Florida ought not further to prosecute the same against him because he says that heretofore on the 20th day of April, A. D. 1926, Glenn C. Mincer, Assistant County Solicitor for the County of Dade, prosecuting for the State of Florida, in said County, under oath April 20, 1926, information made that this defendant, Joseph L. August, offended against the law of the State of Florida, as is set forth in a certified copy of said information, attached hereto and made a part hereof as fully and completely as if set forth herein verbatim, pursuant to which a capias was issued out of the aforesaid Court by the Clerk thereof, that the said Joseph L. August might be arrested and held for trial under said information, which information was duly signed and sworn to by the said Glenn C. Mincer, then duly authorized and lawfully acting as Assistant County Solicitor for the County of Dade and State of Florida, as aforesaid, to which said information the said Joseph L. August pleaded "Not Guilty" and the said State of Florida joined issue on said plea and the jury, thereupon duly impanelled and sworn to, to try the issue, upon their oaths did say that the said Joseph L. August was not guilty of the offense in said information laid to his charge, whereupon it was considered by the said Court that the said Joseph L. August be discharged and said jury discharged from the further consideration thereof, as by the record thereof more fully and at large appears, which said judgment still remains in full force, and the said Joseph L. August avers that in said case said Court had jurisdiction of the subject matter and of his person, and that he is the same identical Joseph L. August who was the defendant in the information cited in this plea and acquitted as aforesaid, and that he and said Joseph L. August who was the

defendant in the information cited in this plea are not different persons and that the offense in the said last mentioned information set out, a copy of which is made a part of this plea, and the one charged in the information to which this plea is pleaded, are one and the same offense and not divers and different offenses and that the money of the value of $4,000.00 alleged in the information cited in this plea to have been obtained by this defendant from said Harry Hyman, is identically the same money and the same $4,000.00 alleged in the information to which this plea is pleaded as having been obtained by this defendant from Rose Hyman through her husband and agent, Harry Hyman, and that Harry Hyman named in the cited information and in the information to which this plea is pleaded are one and the same person, and that the information to which the said Joseph L. August is now called upon to plead is for one and the same offense charged in the first information mentioned and of which he was acquitted, all of which the said Joseph L. August is ready to verify.

WHEREFORE, he prays judgment and that by the Court here he may be dismissed and discharged from the premises in the present information specified and contained.

                    JOSEPH L. AUGUST, Defendant.

McCASKILL, TAYLOR & McCASKILL,
                    Attorneys for Defendant.

I, G. E. McCaskill, of counsel for defendant, do hereby certify that in my opinion the foregoing plea is well founded in law.                    G. E. McCASKILL.

STATE OF FLORIDA,
    COUNTY OF DADE:

Before me, the undersigned authority, this day personally appeared JOSEPH L. AUGUST, who being by me first duly sworn on his oath says that he is the Joseph L.

August named in and who signed the foregoing plea and that the same is true.          JOSEPH L. AUGUST.

Sworn to and subscribed before me this 7th day of May, A. D. 1926.                    JAMES E. FLOOD,
                              Clerk Criminal Court.
(Criminal Court Seal).        By E. M. GALBREATH,
                              Deputy Clerk.

My Commission expires:

IN THE CRIMINAL COURT OF RECORD, of Dade County, in and for Dade County, State of Florida, April Term, in the year of our Lord one thousand nine hundred and twenty-six

INFORMATION FOR FALSE PRETENSES
THE STATE OF FLORIDA
vs.
JOSEPH L. AUGUST

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

Glenn C. Mincer, Asst. County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that Joseph L. August of the County of Dade and State of Florida, on the 8th day of August, in the year of our Lord, one thousand nine hundred and twenty-five, in the County and State aforesaid, did then and there designedly, by a false pretense, and with the intent to defraud Harry Hyman, obtain from Harry Hyman, four thousand ($4000) dollars, good and lawful money of the United States of America, a better and more particular description of said money being, to the County Solicitor, unknown said money being then and there of the value of ($4000) dollars, and the property of Harry Hyman, that is to say: that on said date and in said County and State, the said defendant,

then and there being, then and there went to the said Harry Hyman and requested the sum of four thousand ($4000) dollars, and in order to induce said Harry Hyman to let him have said money, then and there represented and pretended to the said Harry Hyman that he owned certain property, to-wit:

Twenty (20) acres in Section Nine (9) Township Fifty-seven (57) Range Thirty-seven (37) east, in Dade County, Florida, and by further representing, by taking the said Harry Hyman to a certain piece of property located on ............ Road, next to the highway, covered with pines and lying high and dry, and stating to the said Harry Hyman, while standing in front of said property, that said pine land was the property which he was purchasing under the 'legals' aforesaid described; that the said Harry Hyman then and there believed said representations and pretenses to be true; and relied upon the same, and by reason of said representations and pretenses, then and there let the said defendant have said sum of Four Thousand ($4000) Dollars; that in truth and in fact, the said defendant did not own the property thus shown to the said Harry Hyman; that, as a matter of fact, said property was being and lying in a different location from that represented and pretended by said defendant; that the said property so sold was not high and dry nor covered with pine land; but, in fact was swampy and no pine trees whatsoever were growing upon it; that the said defendant, when making said representations and pretenses aforesaid, then and there knew the same to be false when so made; and that he, the said defendant, so knowing the same to be false, did then and there knowingly, wilfully and intentionally make said false representations and pretenses with intent, then and there, to injure and defraud the said Harry Hyman contrary to the form of the Statute in such

case made and provided, and against the peace and dignity of the State of Florida.

GLEN C. MINCER,
Asst. County Solicitor, Dade County, Florida.

STATE OF FLORIDA,
COUNTY OF DADE.

Personally appeared before me, Glenn C. Mincer, Asst. County Solicitor for Dade County, Florida, who, being first duly sworn, says that the allegations as set forth in the foregoing Information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged.

GLEN C. MINCER,
Asst. County Solicitor, Dade County, Florida.

Sworn to and subscribed before me this 20th day of April, A .D. 1926.

JAMES E. FLOOD,
Clerk of the Criminal Court
of Record of Dade County.

The copy of the information made a part of the plea was duly certified to, by the Clerk of the Criminal Court of Record.

Without any motion, demurrer or replication to the plea, as shown by the record, the Judge of the Court made an order that the plea be overruled, which overruling was excepted to by the defendant, and trial proceeded with the result that the accused was convicted and sentenced; from which judgment he sued out writ of error.

There are eleven assignments of error. It will only be necessary to consider the second assignment of error which is, "The Court errer in overruling and denying the plea of autrefois acquit of this defendant."

Section twelve (12) of the Bill of Rights of the Constitution of Florida is as follows:

"No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor to be deprived of life, liberty or property without due process of law; nor shall private property be taken without just compensation."

The law is well settled that the plea of former acquittal must be pleaded with such certainty as to make it appear that the offense for which defendant has been tried and acquitted was the same as that for which he was convicted. Tuberson v. State, 26 Fla. 472, 7 South. Rep. 858; Newberry v. State, 26 Fla. 334, 8 South. 445.

The plea in the case at bar fully complies with the rules of law as to the sufficiency of such a plea and therefore the order of the Court overruling the plea was error.

The judgment should be reversed. And it is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.