L. R. HAGAN v. STATE.

156 So. 533.

Division A.

Opinion Filed September 20, 1934.

*Jack Moore,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—Plaintiff in error was convicted in the Criminal Court of Record in and for Dade County on the second count of an information which charged that the defendant did, on January 23rd, A. D. 1934, designedly, by false pretenses and with intent to defraud, obtain from Mrs. A. J. Heeke the sum of two hundred dollars, by a certain fraudulent advertisement, etc., relating to a proposal to sell to Mrs. Heeke a one-half interest in a certain contract for the procurement of advertisements in a publication known as the Jewish Floridian.

When arraigned the defendant interposed the following plea of former jeopardy as authorized by Section 8364 C. G. L., 6059 R. G. S.:

"COMES Now L. R. Hagan, in his own proper person, and having heard the information read, says that the State of

Florida ought not to further prosecute the same against him because he says that heretofore on the 21st day of February, 1934, Fred Pine, County Solicitor for the County of Dade, prosecuting for the State of Florida, in said county, under oath, information made that this defendant, L. R. Hagan, offended against the law of the State of Florida, as is set forth in the certified copy of the information hereto attached and made a part hereof as fully and completely as if set out herein verbatim, pursuant to which a capias was issued out of the aforesaid Court by the Clerk thereof, that the said L. R. Hagan might be arrested and held for trial on said information, which information was duly signed and sworn to by the said Fred Pine, then duly constituted County Solicitor of Dade County, as aforesaid, to which information the said L. R. Hagan pleaded not guilty after arrest on the 12th day of March, 1934, and the said State of Florida joined issue on said plea, and the jury thereupon duly empaneled and sworn to try the issues under their oaths did say that the said L. R. Hogan was not guilty of the offense in said information laid to his charges; certified copy of said verdict hereto attached; whereupon it was considered by the Court that the said L. R. Hagan be discharged and the said jury discharged from the further consideration thereof, as by the record thereof more fully and at large appears, which said judgment still remains in full force, and the said L. R. Hagan avers that in said cause said Court had jurisdiction of the subject matter and of his person, and that he is the same individual L. R. Hagan, who was the defendant in the information cited in this plea, and acquitted as aforesaid, and that he, the said L. R. Hagan, who was the defendant in the information cited in this plea, are not different persons and that the offense in said last mentioned information, copy of which is made a part of this plea, and the one charged in the information to which this plea is

pleaded, are one and the same offense, and not diverse and different offenses, and that the money of the value of $200.00 alleged in the information cited in this plea to have been obtained by this defendant from A. J. Heeke, is identically the same money and the same $200.00 alleged in the information to which this plea is pleaded, as having been obtained by this defendant from Mrs. A. J. Heeke, and that the information to which the said L. R. Hagan is now called upon to plead, is for one and the same offense charged in the first information mentioned, and of which he was acquitted, all of which the said L. R. Hagan is ready to verify.

"Wherefore he prays judgment, and that by the Court here he may be dismissed and discharged from the premises in the present information specified and contained."

Without any motion, demurrer, or replication to the plea, as shown by the record, the Judge of the Court made an order that the plea be overruled, which ruling was excepted to by the defendant and the trial proceeded. The action of the Court in thus summarily disposing of the plea was reversible error for which the judgment must be reversed on the authority of August v. State, 92 Fla. 497, 109 Sou. Rep. 336, wherein it was held that a similar plea was sufficient to comply with the rules of law as to the sufficiency of such a plea as it purported to be, namely: former jeopardy, and was erroneously overruled on a bare inspection of the document.

The plea as interposed being unchallenged as to its sufficiency on its face to constitute a good defense if sustained by proof showing the identity of the offense being now prosecuted in this case with that heretofore tried upon an earlier information upon which defendant was acquitted, requires a replication or joinder of issue on it by the State. If such be filed, it can then be determined at the trial of the issues raised by the plea, whether the evidence now offered to con-

vict the accused would have been sufficient to have sustained a verdict of guilty under the charge made at the earlier trial, in the light of Parker v. State, 75 Fla. 741, 78 Sou. Rep. 980, 2 A. L. R. 350, a point we do not now decide since it was never properly put in issue in the court below.

If the first information was such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, the jeopardy which attached on the first trial constitutes a protection against another trial on the second charge. Sanford v. State, 75 Fla. 393, 78 Sou. Rep. 340.

For the error pointed out in overruling the plea of former jeopardy without the interposition by the State of any demurrer, motion or replication to such plea the judgment must be reversed and the cause remanded for further proceedings according to law not inconsistent with this opinion.

Reversed and remanded for further proceedings.

WHITFIELD, TERRELL and BUFORD, J. J., concur.