OPINION ON REHEARING
ANSTEAD, Chief Judge.
By motion for rehearing and motion to supplement the record, both of which we grant, the appellee has demonstrated that he did not request a jury instruction on the binding effect of the bill of particulars filed by the state. Because the appellee’s action in requesting such an instruction was the primary basis for. our conclusion that appel-lee could be tried again, we now grant the petition for rehearing and affirm the trial court’s order dismissing the subsequent murder charges brought against appellee. In a previously filed brief appellee simply took the position that the state did not object to the instruction on the statement of particulars. In the absence from the record of the charge conference, we erroneously assumed that the appellee had requested the instruction. Appellee has now demonstrated by supplementing the record with the charge conference and a stipulation from the prosecutor who tried the case, that he did not request the instruction.
We reject the state’s contention that ap-pellee’s objection to the state’s motion to amend the bill of particulars constituted sufficient affirmative action by the appel-lee to bar the appellee from subsequently objecting on double jeopardy grounds when the state filed new charges arising out of *720 the same incident. In our view, the state’s motion to amend, coming after the case was submitted to the jury and after the jury had signaled its awareness of the problem, came much too late. The jury’s action in acquitting appellee came after the state, having an initial indictment that was adequate to cover the time period proven at trial, voluntarily filed a statement of particulars erroneously describing and limiting the time period in which' the offense took place. Thereafter, the state failed to catch the error and did not object when the court instructed the jury as to the binding effect of the statement of particulars. In fact, the state did not apparently realize the error until the jury caught it. By then, in our view, it was too late to seek amendment. When the jury subsequently, by general verdict, acquitted appellee, the state was foreclosed from filing new charges based on the same incident. In short, the result in the case, right or wrong, was caused solely by the prosecution’s errors.
We also withdraw the certified question set out in our original opinion. However, because of our continuing concern for the language set out in the Supreme Court’s opinion in State v. Beamon, 298 So.2d 376 (Fla.1974) that subsequent charges may be filed under these circumstances, we certify the following question as one of great public importance:
Does the rule of State v. Beamon permitting the filing of subsequent charges apply in a case where the defendant was acquitted by general verdict in the initial proceedings and the defendant did not seek a directed verdict of acquittal or request an instruction to the jury as to the binding nature of a bill of particulars in those proceedings?
In accord with the above, we grant the motion for rehearing and to supplement the record, vacate our previous decision and affirm the trial court’s order of dismissal.
LETTS and GLICKSTEIN, JJ„ concur.