498 So.2d 402 (1986)
STATE of Florida, Petitioner,
v.
Frank MARS, Respondent.
No. 67159.
Supreme Court of Florida.
October 30, 1986.
Rehearing Denied January 5, 1987.
Jim Smith, Atty. Gen., and Sarah B. Mayer and Joan Fowler Rossin, Asst. Attys. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Margaret Good, Asst. Public Defender, West Palm Beach, for respondent.
SHAW, Justice.
We review State v. Mars, 473 So.2d 719 (Fla. 4th DCA 1985), to answer a certified question of great public importance.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent was indicted for first-degree murder allegedly occurring on or about 30 January 1983. The state filed a bill of particulars which, because of an undetected typing error, erroneously limited the alleged time period of the offense to between 5 p.m., 29 January, and 12:59 a.m., *403 30 January.[2] The evidence at trial tended to show that respondent committed the crime, but after 12:59 a.m., 30 January. If either party noticed the discrepancy it was not brought to the attention of the court, and the jury was routinely instructed that the state was held to proof within the bill of particulars. The jury was also given instructions on a lesser included offense of second-degree murder. After the jury retired to deliberate, it apparently noticed the discrepancy and asked the court for instructions. The state moved to amend the bill of particulars to conform to the evidence, respondent objected, and the trial court denied the motion. After several requests for clarification or assistance,[3] the jury was instructed to hold the state to the bill of particulars. It then returned a verdict of not guilty.
After the verdict, respondent was reindicted by the grand jury for second-degree murder allegedly occurring on or about 30 January 1983.[4] The state filed a bill of particulars specifying that the crime occurred between 1 a.m., 30 January and 1 a.m., 31 January. The trial court granted respondent's motion to dismiss on former jeopardy grounds and appeal followed. The district court initially held that respondent was collaterally estopped from asserting former jeopardy because he had requested the jury instruction restricting the state to proof within the specified time period and had opposed the state's motion to amend the bill of particulars to conform to the evidence. However, on petition for rehearing, the district court noted it had erred in concluding that respondent had requested the jury instruction restricting the state to the specified time period and affirmed the trial court's dismissal of the indictment on former jeopardy grounds.
We begin our analysis by noting that the district court relied entirely on its finding that respondent was not collaterally estopped from asserting former jeopardy as a defense and the parties here have almost entirely concentrated their arguments on the collateral estoppel point. This emphasis is misplaced. Before the issue of collateral estoppel arises, respondent must first show a valid former jeopardy defense. Applying well-established law, it is clear that there was no former jeopardy. Thus, the collateral estoppel issue and the certified question are moot.[5]
The issue of former jeopardy under the circumstances present here has been addressed numerous times in the last seventy years. In Sanford v. State, 75 Fla. 393, 396, 78 So. 340, 341 (1918), we adopted the following test:
The great author of Cooley's Const. Lim. (7th Ed.) 470 says:
"If the first indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached on the first must constitute a protection against a trial on the second."
More recently, in State v. Katz, 402 So.2d 1184, 1186 (Fla. 1981), we reaffirmed the rule as follows:

*404 Florida's test for determining whether successive prosecutions impermissibly involved the same offense is based upon the sufficiency of the allegations in the second information with regard to a conviction of the offense charged in the first. If the facts alleged in the second information, taken as true, would have supported a conviction of the offense charged in the prior information, the offenses are the same and the second prosecution is barred. Bizzell v. State, 71 So.2d 735 (Fla. 1954).
In the years between these two cases, the test was uniformly followed. State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); Bizzell v. State, 71 So.2d 735 (Fla. 1954); State v. Anders, 59 So.2d 776 (Fla. 1952); State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944); Hagan v. State, 116 Fla. 553, 156 So. 533 (1934).
Adapting the test to the case at hand, the question becomes: Would the facts in the second indictment, taken to be true, alleging that respondent murdered decedent between the hours of 1 a.m., 30 January, and 1 a.m., 31 January support a conviction on the first indictment alleging that respondent murdered decedent between the hours of 5 p.m., 29 January and 12:59 a.m., 30 January? The answer is obviously no, as it was in a previous on-point case.
[T]he offense charged in the first Information, as limited by the bill of particulars filed there, was not the same offense as that charged in the second Information, as limited by the bill of particulars filed in connection with that Information. The offenses charged by the two Informations, as each was limited by its own bill of particulars, occurred on different dates; the initial Information, as so limited, charged only an offense occurring on Nov. 24, 1972, and the second Information charged an offense occurring on Nov. 26, 1972. Since the offense involved was not a continuing one, the difference in dates clearly renders them two separate and distinct offenses... .
Beamon, 298 So.2d at 380 (emphasis in original).
The certified question indicates that the district court has misread Beamon and its "rule." In Beamon, as here, the state mistakenly alleged the date of the offenses in its bill of particulars in the first prosecution and then attempted a second prosecution with a corrected bill of particulars. The district court affirmed a dismissal of the second prosecution on the grounds that former jeopardy existed on count one and that the state was collaterally estopped[6] as to the second count. We began our analysis by noting:
It is the defendant  not the State  who is estopped. The defendant is estopped by virtue of his inconsistent positions in first claiming as a basis for acquittal the materiality of the date and then contending on the new information that the actual, different date of the alleged offense is immaterial now, so that whatever the date of the alleged offense he was acquitted of it in the first trial.
Id. at 378 (emphasis in original). After disposing of this subsidiary issue, we then examined the dispositive issue of former jeopardy and concluded there was no bar to the second prosecution.
Accordingly, no double jeopardy and no collateral estoppel [against the state] are involved in the instant case, and the trial court and district court of appeal erred in holding to the contrary.
Id. at 380.
Essentially, the certified question asks if respondent was collaterally estopped from asserting former jeopardy as a defense. Inasmuch as respondent had no former jeopardy defense to assert, we decline to answer the mooted question. Anders.
Respondent urges that if we permit reprosecution in this case we will open the door to repeated prosecutions which harass and embarrass defendants in violation of the double jeopardy clause. We see no *405 evidence that any such action is involved here and will address such actions when they arise. The state permitted a typing error to go undetected at trial and has been severely chastised by both the trial and district courts. We are not prepared to follow a rule that a non-prejudicial typing error bars society's right to prosecute offenses.
We quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and ADKINS, EHRLICH and BARKETT, JJ., concur.
BOYD, J., dissents with an opinion.
OVERTON, J., dissents with an opinion, in which BOYD, J., concurs.
BOYD, Justice, dissenting.
By its rejection of the district court's analysis, the Court is receding from or departing from the established precedent of State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975). In Beamon the Court found it highly significant that at the first trial the defendant moved for a judgment of acquittal based on the variance between the formal charge as narrowed by the bill of particulars and the proof adduced at trial. In certifying the question here the district court noted the factual difference between this case and Beamon and asked whether, absent the factors found so significant in Beamon, the legal outcome should be different. The district court should not be faulted for attempting to understand and follow the past decisions of this Court.
In Beamon the Court held that the defendant, having moved for and having obtained a judgment of acquittal relying upon a material variance between the pleading and the proof, was estopped to argue at the second trial that the second prosecution placed him in double jeopardy. That is, if the variance was sufficiently material to justify acquittal at the first trial then defendant would not be heard to complain that the different facts alleged in the second charging document did not charge a different offense.
When a bill of particulars is filed in a criminal proceeding to narrow the accusation in an indictment, and the allegations therein are incorrect in light of what the state expects the evidence will show at trial, it is not merely an "undetected typing error" as characterized by the Court. It is part of a formal criminal charge. Here the state did not prove the charge it made. The jury so found by its verdict of acquittal. It is undisputed that there was but one homicide. Therefore the double jeopardy clause bars a second prosecution of the defendant on any criminal charge based on that homicide.
Here the defendant did not move for judgment of acquittal based on the variance but merely held the state to its burden of proof. The state did not carry its burden. Reprosecution is barred. See § 910.11, Fla. Stat. (1983).
I also dissent for the reasons I stated in dissent in State v. Katz, 402 So.2d 1184, 1188 (Fla. 1981), as follows:
A "variance" between the pleadings and the proof means a failure by the state to adduce sufficient evidence to prove its accusation. When such a variance calls for a dismissal of the charge, a directed verdict, or a judgment of acquittal, it is the same as if the accused had been acquitted by the jury. The majority reasons that in the instant cases reprosecution under reformed accusatory pleadings is permissible because such new accusations are not for the same offenses the state failed to prove at the earlier trials. But it is only in a highly technical sense that the offenses charged in the new informations can be considered different offenses from those originally charged.
... .
One of the most awesome powers exercised by officials of the state is the power of our state attorneys and grand juries to institute criminal proceedings by *406 accusing a person of the commission of a crime. The exercise of such authority sets in motion the machinery of the criminal justice system and brings the prosecutorial resources of the state to bear upon an individual. The constitutional prohibition against allowing the state a second opportunity to prove the commission of a crime should extend to situations such as the present cases and should be held to require that when accusatory pleadings are being drafted, they be drafted correctly. If the proof at trial fails to sustain the allegations, retrial should no more be permitted on the basis of corrected allegations than it is on the basis of augmented proof.
Because the Court fails to provide protection of a fundamental right guaranteed by the United States and Florida constitutions, I must dissent.
No right is more precious than the American constitutional right against double jeopardy. To defend against the awesome power of government in a single criminal prosecution often leaves defendants financially, socially and emotionally scarred. The founders of this Republic determined that persons who are found not guilty before courts of law cannot be retried for the same offenses.
No new trial can lawfully occur in this case. I respectfully dissent.
OVERTON, Justice, dissenting.
Although I am deeply disturbed that Mars may escape punishment because of a prosecutor's error, I find that this Court has no choice in this matter because the double jeopardy clause of the fifth amendment of the United States Constitution, as construed by the United States Supreme Court, prohibits a second trial of Mars for the murder of Willie Berry. In a complete trial, a jury acquitted Mars of Berry's murder. The majority of this Court has determined that Mars can constitutionally be tried a second time for the murder of Berry on facts to be presented in a second trial which would be identical to the facts presented in the first trial.
The United States Supreme Court decision in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), is, in my view, controlling. In that case, Brown was charged with two different offenses for joyriding and theft of one particular automobile on different dates, which, because of the taking on one date and the use of the automobile on other dates, was factually correct. The United States Supreme Court held that Brown could not be charged and tried twice under these circumstances. The Court noted that "the theft and operation of a single car [was] a single offense," id. at 169, 97 S.Ct. at 2227, and concluded, "[a]ccordingly, the specification of different dates in the two charges on which Brown was convicted cannot alter the fact that he was placed twice in jeopardy for the same offense in violation of the Fifth and Fourteenth Amendments." Id. at 169-70, 97 S.Ct. at 2227.
Similarly, in this cause, the murder of Willie Berry is one offense and the specification of different dates does not alter the fact that Mars cannot be tried twice for the murder of the same victim. In my view, a retrial is prohibited by the double jeopardy clause.
BOYD, J., concurs.
NOTES
[1] The certified question is:

Does the rule of State v. Beamon [298 So.2d 376 (Fla. 1974)] permitting the filing of subsequent charges apply in a case where the defendant was acquitted by general verdict in the initial proceedings and the defendant did not seek a directed verdict of acquittal or request an instruction to the jury as to the binding nature of a bill of particulars in those proceedings?
473 So.2d at 720.
[2] The specific time period should have ended at 12:59 p.m. rather than a.m.
[3] At one point the jury foreman addressed the court as follows:

DR. COVE: I would like to make a statement to you on behalf of the whole jury. Your Honor, we do not have grave doubts about the facts of this trial, but we do have grave doubts about the time constraints within the Statement of Particulars.
We have requested before and request this time your assistance in dealing with these constraints properly. If you are unable to assist us with this question, we must, we will have to give this question strict interpretation, as we see it.
[4] Because the jury was instructed on second-degree murder as a lesser included offense in the first trial, it is irrelevant that the initial indictment was for first-degree murder and the second indictment was for second-degree murder.
[5] The preferred approach for analyzing this case is illustrated by State v. Anders, 59 So.2d 776 (Fla. 1952), where we resolved the case by determining that there had been no former jeopardy and declined to address the mooted question of whether the defendant was collaterally estopped from asserting former jeopardy.
[6] Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).